## EDWARD H. ELLIS v. VICTOR ROBINSON.

Decided May 9, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Bleakly, Stockwell & Burling.*

*Contra, S. Huntley Beckett* and *Samuel P. Orlando.*

PER CURIAM.

The plaintiff was a contractor engaged in the work of constructing a state highway leading from Vineland to Millville. The highway consisted of a twenty-foot width of concrete, with gravel shoulders on each side ten feet in width. On the 12th of November, 1926, after his day's work had been completed, the plaintiff parked his truck on the side of the road, and while it was standing there the defendant, who was driving a Nash sedan owned by him, ran into the rear end of the truck, damaging it to some extent. The plaintiff brought the present suit to recover compensation for the injuries done to his truck, claiming that the collision occurred solely by reason of the negligence of the defendant. The latter counter-claim, alleging that the collision was the fault of the plaintiff, and that as a result thereof he was severely injured and his car greatly damaged. At the trial of the case the defendant, in support of his contention, produced evidence showing that the truck was parked diagonally on the side of the road along which the defendant's car was traveling in such a way that part of it projected over the concrete; that it was dusk at the time of the collision, which occurred about half

past five in the evening; that he was driving on the right-hand side of the road and near the edge of the concrete; that there was no light on the truck; that he did not see it until he was almost upon it, and that he then undertook to swerve so as to avoid a collision, but was unsuccessful in doing so. At the close of the case the jury returned a verdict of no cause of action as to the plaintiff, and awarded the defendant $3,000 on his counter-claim.

The first contention made by the plaintiff before us is that this verdict is against the weight of the evidence. His case before the jury was that the truck was not parked in the way claimed by the defendant; that it did not project over the concrete; that although it had no lights on it, it was not necessary, because the accident occurred about five o'clock and before it grew dark. The jury, after a consideration of the testimony, accepted the story of the witnesses produced by the defendant, and rendered their verdict accordingly. That they were justified in accepting this testimony as a true statement of the facts cannot be successfully controverted; and this testimony fully supported their verdict.

It is further argued that the trial court erred in refusing to nonsuit the defendant on his counter-claim upon the ground that there was no evidence to support it. For the reasons already stated, we consider this ground for setting aside the verdict to be without weight.

Lastly, it is asserted on behalf of the plaintiff that the damages awarded are excessive. We think not. The jury was justified in finding that, as a result of the accident, the defendant was incapacitated for work for nearly a year, thereby suffering a loss of earnings amounting approximately to $1,200. The proof submitted by the defendant shows that the value of his automobile was decreased by the collision to the extent of $800. His medical expenses as the result of the accident were between $85 and $100. The balance of the award, somewhat less than $1,000, was presumably for pain and suffering on the part of the defendant and resulting from the accident.

For the reasons stated, the rule to show cause will be discharged.