BRIDGET FINNEGAN, APPELLANT, v. THE GOERKE COM-
PANY, A CORPORATION, RESPONDENT.

Submitted May 31, 1929—Decided October 14, 1929.

For the appellant, *John W. McGeehan, Jr.*

For the defendant, *John A. Matthews.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This cause was tried in the Su-
preme Court, Essex Circuit, before a jury. The plaintiff-
appellant sued for damages caused to her by a fall on a rat-
tan box in an aisle in the department store of defendant
company resting on the floor and flush against the end of
the counter which she was passing; she injured her knee
and had a verdict for the damages resulting therefrom. The
trial judge nonsuited the plaintiff and she has sued out a
writ of error to this court.

The facts were shortly these: Mrs. Finnegan was a pros-
pective customer in the department store of the defendant;
she went to the defendant's store to look at or purchase some
cretonne; on the floor of the store where the goods were, was
a counter at the end of which was a rattan box about three

feet long, one and one-half feet high and fifteen inches wide, flush against the end of the counter. While walking toward the cretonne display she alleges that she struck this box with her foot and fell, striking and injuring her knee, as already stated. At the completion of the plaintiff's case. a motion for nonsuit was made by the defendant on five grounds (1) no testimony of negligence on the part of defendant; (2) no testimony that plaintiff did not look where she was going; (3) no evidence of nuisance; (4) no evidence that box was negligently placed; (5) no evidence that defendant did not keep it in reasonably safe condition.

The court remarked that the only question he was faced with was the placing of the box and whether that would be negligence; that it did not seem to him that there was any negligence to be charged against the defendant for placing the box in that position; it was open to plain view and he did not think it negligence because someone might hit it,. and granted the motion on that ground only.

The defendant contends *in limine* that the judgment entered upon the nonsuit and brought up for review should be affirmed if correct upon any legal ground, although the reason advanced by the court below be erroneous. And this is. so. See *Marinette Knitting Mills* v. *Rosenthal,* 102 *N. J. L.* 128; *Somers Lumber Co.* v. *Kaufman, Id.* 601. But, in our judgment, the nonsuit was indefensible upon any of the grounds on which the motion was rested.

The plaintiff was invited by the defendant to visit its store as a prospective customer. She was therefore an invitee, and this court held in *Kapperlz* v. *The Jerseyman,.* 98 *N. J. L.* 836, that one who invites another upon his premises owes the invitee a duty not only to exercise ordinary care to render the premises reasonably safe for the purposes: for which the invitee entered, but to abstain from any act which may make the invitee's use of the premises dangerous. With this principle of law in view, let us now examine the testimony before the trial court pertinent to the issue.

Mabel Wathey, an employe of the defendant on the day of the accident, was called as a witness. She did not see

plaintiff fall but saw her when she was still down on her knees next to the rattan box, and described the box being of the dimensions given above; that it was at the end of the counter, resting on the floor; the box did not extend under the counter, which was solid in front; that it had been there from the holiday season of the previous year (over two months). Mrs. Finnegan was then sworn and testified that she was in the store as a customer and was going to the cretonne counter, and fell across a box which she decribed as bamboo, and of about the same dimensions as the previous witness said, and that she did not see it before she fell; that it was in her way in going to where she intended; that two people walked in front of and about three feet ahead of her, and when they came to the box they turned to the left, and she was right behind them and then hit the box with her foot before she knew it was there; at the time she hit the box, she was walking in the aisle.

In *Bennett* v. *Busch, 75 N. J. L.* 240, the Supreme Court held that where fair-minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury. And in a conflict of testimony, when the facts found by the jury will sustain the verdict, the court will not set it aside, although in their opinion the jury might, upon the evidence, have found otherwise.

Now, the plaintiff, as already said, was an invitee upon the premises of the defendant, and it not only owed her a duty to exercise ordinary care to render the premises reasonably safe for the purpose for which she entered, namely, shopping, but also to abstain from any act which might make her use of the premises dangerous. How can it be said that it was not a matter of danger to customers in the store to place a rattan box of the dimensions of this one on the floor outside a counter which was in an aisle which ought to be free from obstruction, and was there for over two months. The defendant knew of it and took the risk of injury resulting from it. The plaintiff herself said that she was walking in the aisle behind two people who were only three feet ahead

of her, and that they turned just at the box; she went on but could not have seen the box unless she looked down at the floor at her feet to ascertain whether or not there was an obstruction there. She was not required to do that, but had a right to rely upon the aisle or passageway being free from obstruction and safe for pedestrians lawfully there, as she was. Men of reasonable minds could certainly at least draw an inference favorable to the contention of the complainant, and say that there was actionable negligence in the case. The jury had a right to believe her and the other witnesses who spoke to the facts. And it certainly cannot be said as matter of law that there was no jury question in the cause. On the contrary, that there was one we think is demonstrated.

The result reached is that the judgment under review must be reversed to the end that a *venire de novo* may issue.

*For affirmance*—BLACK, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.