GERTRUDE L. RUNYON, APPELLANT, v. MONARCH ACCIDENT INSURANCE COMPANY (A CORPORATION), RESPONDENT.

Submitted November 2, 1931—Decided February 1, 1932.

490

For the appellant, *Leon E. Cone*.

For the respondent, *King & Vogt* (*Harold A. Price*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J.    This is the appeal of the plaintiff below from a judgment entered upon a verdict in favor of the defendant at Circuit.

The situation was this:

On March 11th, 1924, the Monarch Accident Insurance Company, the defendant below, issued a policy of insurance to James F. Runyon providing, among other things, insurance for loss of life caused solely by accidental means.  The policy was outstanding at the time of Runyon's death on March 5th, 1929.  Payment of the principal sum of the policy, together with accumulations thereon, as set forth therein, was refused by the defendant.  The beneficiary under the policy, the plaintiff herein, claimed that Runyon's death was caused solely by accidental means, namely, by a fall on an icy pavement on January 28th, 1929, resulting in a fractured hip.  The defendant's refusal to pay was based upon the contention that Runyon's death was not caused solely by injuries sustained in the fall, but in part by a disease known as paralysis agitans from which he was a sufferer.  The policy provided that the defendant company was liable only if death resulted "exclusively from bodily injuries caused solely by external, violent and accidental means."  The jury found a verdict of no cause for action, judgment was entered thereon, and the plaintiff appealed.

The plaintiff-appellant made no motion for a direction of a verdict, and her grounds of appeal are only those now to be considered.

She says that the verdict is against the weight of the evidence. But that question is not before us for this reason: On appeals in civil cases at law, as here, the court is concerned only with correcting errors in law, and will not consider a ground of appeal that the verdict is against the weight of the evidence. *Auer* v. *Sinclair Refining Co.*, 103 *N. J. L.* 372.

The plaintiff next contends that the judge erred in charging this: "The defense appears to be that as a matter of fact Mr. Runyon did not die solely of the accident which resulted in a fractured hip, and if that be true then the beneficiary cannot recover."

Our examination of the record discloses that such was the defense, and that the instruction was pertinent in view of the evidence. The defense was a good defense if established by the greater weight of the evidence, and, so, we find no fault with the instruction.

It is argued that the instruction was erroneous in law. We think not. It was in accordance with the express and unambiguous terms of the policy contract which limited the insurer's liability to death resulting "exclusively from bodily injuries caused solely by external, violent *and* accidental means." The instruction was well within the general rule that, under such a policy, if the insured, at the time of the accidental injury, was also suffering from a disease, and the disease aggravated the effects of the accident, and actively contributed to the death occasioned thereby, there can be no recovery upon the policy. 14 *R. C. L.* 1246; *Travellers Insurance Co.* v. *McConkey*, 127 *U. S.* 661; *Western Commercial Travellers Association* v. *Smith*, 85 *Fed. Rep.* 401; 56 *U S. App.* 393; 29 *C. C. A.* 223; 40 *L. R. A.* 653; *Maryland Casualty Co* v. *Morrow*, 213 *Fed. Rep.* 599; 130 *C. C. A.* 179; 52 *L. R. A.* (*N. S.*) 1213; *Stanton* v, *Travellers Insurance Co.*, 83 *Conn.* 708; 78 *Atl. Rep.* 317; 34 *L. R. A.* (*N. S.*) 445; *White* v. *Standard Life, &c., Insurance*

Co., 95 Minn. 77; 103 N. W. Rep. 735, 884; 5 Ann. Cas. 83; Penn v. Standard Life, &c., Insurance Co., 158 N. C. 29; 73 S. E. Rep. 99; 42 L. R. A. (N. S.) 593.

But it seems to be contended that the instruction was not pertinent because there was no evidence that the insured did not die solely of the accident which resulted in the fractured hip.

We think that there was such evidence.

The evidence was that the insured was suffering from paralysis agitans, and had been for years. The death certificate stated the cause of death to be: "fractured left hip from slipping on ice; contributory paralysis agitans (secondary) duration eleven years." The doctor, who furnished the certificate, and who was the insured's attending physician, confirmed that diagnosis. He testified at the trial that the word contributory, as used by him in the certificate, meant that if the insured had been a normal, healthy man he would have stood a much better chance to recover from the shock from a fractured hip. He was asked these questions:

"The court—Could he have died of the fractured hip without having this agitans?

"The witness—That is problematical.

"The court—How did the so-called paralytic condition contribute to his death, doctor?

"The witness—His health was below par, as compared to a normal man.

"The court—In other words, in a normal, healthy condition a broken hip would not have resulted fatally, is that right?

"The witness—Yes."

We think that such evidence, and other incidental evidence to the same effect, including the fact that the insured lived for five weeks after his fall, furnished a proper basis for the instruction, and tended to support the defense interposed.

In this connection it seems to be further argued that the court should have "interpreted the policy in a manner favorably to the insured." To this the answer is that while an ambiguous provision of a policy of insurance, limiting or

defeating liability, should be construed most strongly against the insurer who prepared it, yet that rule has no application unless the provision, considering all the language used, is ambiguous or at least is susceptible of the meaning the insured seeks to attribute to it. *Warwick* v. *Monmouth County Mutual Fire Insurance Co.,* 44 *N. J. L.* 83. Applying that rule the provision in question was properly construed.

The plaintiff-appellant next contends that the court erred in refusing to charge a group of requests relating to her right to recover under the limitation contained in the policy hereinbefore set out.

To this the answer is that the judge left the substantive question to the jury in clear and precise form, expressly stating that the plaintiff was entitled to recover if the death resulted "exclusively from bodily injuries caused solely by external, violent and accidental means." He was not required to adopt either the form, or the words, or the collocation of phrases, in which the requests to charge were framed; and having stated the pertinent legal rule, he may or may not, in his discretion, further elaborate it by applying it to any possible phases of the testimony. *Pavan* v. *Worthen & Aldrich Co.,* 80 *N. J. L.* 567; *affirmed,* 82 *Id.* 615; *Consolidated Traction Co.* v. *Haight,* 59 *Id.* 577; *Consolidated Traction Co.* v. *Chenowith,* 58 *Id.* 416.

Lastly, the plaintiff-appellant contends that the judge erred in ignoring a group of requests to charge having to do with waiver of the effect of false answers in the application for the insurance.

Those requests were properly ignored because the subject-matter thereof was not in issue as the case was submitted to the jury.

It is true that the judge in his charge referred to the application for the insurance. But he did not charge that the plaintiff could be precluded from recovery because of statements made by the insured therein. On the contrary he expressly charged that "the policy continued in operation and was existing on January 28th, 1929," when the insured fell on the ice (and as to that instruction the plaintiff naturally

does not complain). The judge further charged that the defense was that the insured did not die from bodily injury caused solely by accidental means; and his concluding words were: "If you find that the man [insured] did not die solely by reason of the accident involving the fractured hip, again I repeat, there could be no recovery. Only in the event you can answer that question in the affirmative can you find for the plaintiff." It is therefore apparent that the issue submitted to the jury sufficiently disposed of the controversy, and the appellant cannot complain because some other alleged issue was not submitted. 38 *Cyc.* 1640.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.