ELSIE CHRISTINE, BY HER NEXT FRIEND, DAVID CHRIS-
TINE, AND DAVID CHRISTINE, INDIVIDUALLY, AND
HELEN CHRISTINE, PLAINTIFFS-APPELLEES, v. RICH-
ARD VAIL, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided September 24, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
BODINE.

For the defendant-appellant, *Joseph C. Paul.*

For the plaintiffs-appellees, *Meyer C. Ellenstein.*

BODINE, J.   The plaintiff, Elsie Christine, a young girl,
entered the defendant's store, she testified, to buy some candy
and hot chocolate.   She was walking to a table in the rear of
the store in order to sit down while she drank the chocolate,
when her dress caught afire and she was badly injured, for
which she and her father were awarded damages.   The fire
was occasioned by the flames from a gas heater placed in the
aisle between the tables.   A motion to nonsuit was properly
denied.   *Finnegan* v. *Goerke Co.,* 106 *N. J. L.* 59;  147 *Atl.
Rep.* 442.

On the defendant's case an attempt was made to show that
no purchase was intended and that the injury was caused by
the girl continuing to stand with her back to the stove, even
though warned of the danger.   A witness said she was loiter-
ing in the place to receive telephone calls.

There was no motion made for a directed verdict, but if it
had been made it should have been denied.   *Finnegan* v.
*Goerke Co., supra.*   "Where fair-minded men might honestly

differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury. And in a conflict of testimony, when the facts found by the jury will sustain the verdict, the court will not set it aside, although in their opinion the jury might, upon the evidence, have found otherwise." *Finnegan* v. *Goerke, Co.,* 106 *N. J. L.* 61; 147 *Atl. Rep.* 442.

How can it be said that it was not a matter of danger to customers to place and maintain a gas stove of the dimensions of this one in a store aisle, which should be free from obstruction, and to permit the flames to escape in such a manner that they could set fire to the clothing of a customer standing or passing by such source of danger? Reasonable men could with entire propriety say that there was actionable negligence in this case. The issue was properly for the jury. Nor could it be said, if the jury believed the plaintiff's testimony and that in her behalf, that she was in any respect negligent. The issues were, therefore, clearly for the jury and were submitted in a well balanced charge to which no exception was taken.

The judgment is affirmed, with costs.