THOMAS RYAN AND KATHLEEN RYAN, PLAINTIFFS-RE-
SPONDENTS, v. ALEXANDER A. DEANS AND HARRIET
LEE, DEFENDANTS-APPELLANTS.

Submitted October 26, 1934—Decided January 10, 1935.

For the plaintiffs-respondents, *Frank C. Scerbo.*

For the defendants-appellants, *Thomas F. Doyle.*

The opinion of the court was delivered by

CASE, J. Defendants appeal from judgments rendered on a jury verdict in the Morris Circuit against them and in favor of the plaintiffs for damages arising out of a collision between a motorcycle driven by plaintiff Thomas Ryan and an automobile of the defendants parked at or near the curb of Raymond boulevard in the city of Newark. It appears that Mrs. Deans—party defendant under the name of Harriet Lee—was driving the Deans car and, by a series of misadventures, blew out first one front tire and then the other by repeated bumping against the curb. She left the car late at night parked in the roadway, according to her story adjoining the curb and with the rear light burning, as the plaintiffs' proof puts it away from the curb and with no light, and went for help. While she was gone Ryan came along on his motorcycle, saw the automobile too late to avoid a collision, and the crash followed.

Appellants argue seven points. The first is that the court erred in charging the jury as follows: "You will first ascertain whether the blowing out of the tires was due to her [Mrs. Deans'] recklessness or negligent driving because you must make a comprehensive review and study of all the evidence." It is said, and perhaps truly, that the blowing out of the tires had no proximate bearing upon the issue of negligence; but we find no ensuing harm to the appellants. The court charged the jury that the burden of proving negligence on the part of Mrs. Deans was upon the plaintiffs. Therefore the language complained of served but to increase plaintiffs' burden. The language complained of is but a single sentence in a long paragraph which placed the *res gestæ* and the acts leading up to it in true perspective, laid upon the plaintiffs the burden of proving those immediate acts of negligence which were the proximate cause of the accident and ended thus:

"Therefore, the question to be determined in the first instance will be whether the plaintiff has carried the burden of proof, speaking of the boy now as well as his mother who is also a co-plaintiff here, and has produced credible evidence

from which the jury may say under the fair preponderance of the proof there was negligence on the part of Miss Lee and it was the proximate cause of the accident; either that she left the car improperly placed, which was an act of negligence on her part and that was the cause of the collision, or that she left the car without the rear light upon it."

We consider that the charge in the respect mentioned, even if error, was not prejudicial. A verdict will not be set aside for an error in the charge which has not prejudiced the appellant. *Kneip* v. *New York and Long Branch Railroad Co.,* 102 *N. J. L.* 374.

Appellants argue as points 2 to 6, inclusive, the refusal of the trial court to charge certain requests bearing on the question of contributory negligence by the plaintiff. Some of these requests are couched in broad language that would extend the plaintiff's duty beyond the limitation of due care. In so far as they presented correct and appropriate legal principles we find that the subject-matter was adequately covered by the court's charge. The court is not bound to charge in the precise language requested. *McLaughlin* v. *Damboldt,* 100 *N. J. L.* 127. It is enough that the instructions actually given to the jury substantially cover the requests. *Tooker* v. *Lonky,* 106 *Id.* 110.

Finally, it is said that the trial court erred in refusing to nonsuit on the ground that Thomas Ryan was guilty of contributory negligence. We are unable to say, and the trial judge was unable to say, that the plaintiff was guilty of contributory negligence as a matter of law in failing to see the defendants' vehicle in sufficient time to stop or successfully divert the course of his motorcycle. Unless the proof of the negligence charged as contributory is so clear and conclusive that the minds of reasonable men cannot reasonably differ, the case is one for the jury to determine. *Cady* v. *Trenton and Mercer, &c., Corp.,* 104 *N. J. L.* 572; *Bennett* v. *Leeds,* 96 *Id.* 405; *Sadlon* v. *Jannarone,* 102 *Id.* 343; *Seibert* v. *Goldstein,* 99 *Id.* 200.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.

*For reversal*—None.