DANIEL DONOHUE, PLAINTIFF-RESPONDENT, v. LOUIS HABICH, DEFENDANT-APPELLANT.

DANIEL DONOHUE, PLAINTIFF-RESPONDENT, v. LOUIS HABICH, DEFENDANT-APPELLANT.

Submitted May term, 1936—Decided October 9, 1936.

Before Justices BODINE and HEHER.

For the appellant, *Stein, Stein & Stein (Peter L. Hughes,* of counsel).

For the respondent, *Chivian & Chivian (Herman Chivian,* of counsel).

PER CURIAM.

Under the circumstances, the questions of negligence and contributory negligence were peculiarly within the province of the trier of the facts. The state of the case shows testimony by a resident of the *locus* that, as the result of the violent electrical storm, "it became so dark he put the lights on his front porch;" and that defendant's truck was on the concrete pavement for more than fifteen minutes before the collision. There was evidence that during this time the truck was unlighted. The governing principle is applied in *Seibert* v. *A. Goldstein Co.*, 99 *N. J. L.* 200; 122 *Atl. Rep.* 821; *Ellis* v. *Robinson*, 7 *N. J. Mis. R.* 470; 145 *Atl. Rep.* 870; *Shinn* v. *Chiaccio*, 8 *N. J. Mis. R.* 43; 148 *Atl. Rep.* 208; *Ryan* v. *Deans*, 114 *N. J. L.* 199; 176 *Atl. Rep.* 160.

Judgments affirmed, with costs.