A verdict of no cause of action was returned by the jury at the trial of this action before the Superior Court, Law Division, from which adverse judgment plaintiff appeals.
On March 6, 1948, plaintiff was inspecting linoleum at the rear of defendants' store, where he had been left by defendant to make his selection. The linoleum was stacked on end and placed against a railing separating the main floor from a stairway leading to a showroom in the basement used as a part of the business premises. The stairway was approximately three and one-half feet wide. There was a handrail from the top to the bottom of the stairs. In the vicinity of the stairway there were seven ceiling lights which illuminated that part of the store and the stairs, one of which lights was approximately four feet from the entrance to the stairway. Plaintiff admitted that his attention was concentrated on inspecting the linoleum and he did not see the entrance to the stairway. As he walked around to the side of the store *Page 431 
observing the linoleum, he fell down the stairs, suffering injuries for which this action was brought to recover damages.
Plaintiff's grounds for reversal are based on the trial court's refusal to charge certain requests. Requests 6 and 7 may be considered together, and so may Nos. 8 and 9. To clarify the issue we quote the exact language of the requests:
"6. The proprietor of a store is bound to anticipate that a customer will use the premises beyond the limits of the invitation where the conditions are such as to justifiably lead the customer into the belief that they are within the bounds of the premises open for his use.
"7. Where such a condition exists and there is no effective notice or warning of any danger, the storekeeper becomes liable for negligence in a claim for injuries sustained upon his premises by an invitee or customer, where he failed to warn such customer of any dangerous condition such as an open stairway.
"8. If you find from the evidence that the plaintiff had a right to be in the portion of the store in which he was injured and that the defendant storekeeper failed to warn the plaintiff of any open stairway in the immediate vicinity of the store where the plaintiff was lawfully inspecting merchandise, and as a result of such failure to warn the plaintiff he was thereafter injured by falling down the stairway, you may consider such failure on the part of the defendant to notify the plaintiff of the condition as negligence and award a verdict in favor of the plaintiff.
"9. Should you find that the plaintiff was injured through the negligence of the defendant in failing to warn him of the presence of an open stairway and also having failed to keep the stairway properly closed so persons lawfully in the store would not fall through the open areaway into the cellar, then you may award a verdict to the plaintiff for such damages as will fairly compensate him for all past, present and future pain and disability which has been proximately caused by the defendant's negligence."
Requests Nos. 6 and 7 erroneously assume that the portion of the store premises where plaintiff's accident occurred was beyond the limits of defendants' invitation and the conditions were such as to lead plaintiff to believe that they were within the bounds of the premises open for use. This was not the factual situation developed by the trial. The testimony is clear that the stairway and the basement constituted an integral part of the store premises for the use of customers. Therefore, the issue was: What was the duty owed by defendants to plaintiff under the circumstances? *Page 432 
Defendants, at the trial and at the argument of this appeal, conceded that plaintiff was not a licensee, but that his status at all times was that of an invitee. The well established rule of law defining defendants' duty towards plaintiff is "* * * that one who invites another upon his premises owes the invitee a duty not only to exercise ordinary care to render the premises reasonably safe for the purposes for which the invitee entered, but to abstain from any act which may make the invitee's use of the premises dangerous. * * *" Finnegan v. Goerke Co.,106 N.J.L. 59 (E. A. 1929). Cf. Hussey v. Giant Tiger Corp.,119 N.J.L. 519 (E. A. 1938). It was not incumbent upon the court to charge the requests under discussion, as there were no proofs to support the factual situation embraced therein. Runyonv. Monarch Accident Ins. Co., 108 N.J.L. 489 (E. A. 1932).
We find no error in the court's refusal to charge requests Nos. 8 and 9. The court clearly and adequately charged the jury as to the duty of the defendants to the plaintiff under the circumstances prevailing at the time of the accident, as well as the question of contributory negligence, if any, of the plaintiff. If the court had complied with plaintiff's requests, it would have improperly excluded from the jury's consideration the issue of contributory negligence. Ryan v. Deans,114 N.J.L. 199 (E. A. 1935).
This appeal appears to stem from an oft-repeated misconception that the trial judge must adopt the exact language of requests to charge, notwithstanding the fact that the court may have properly and adequately charged the applicable law. Our courts have consistently and repeatedly held that the court is not required to adopt "* * * either the form, or the words, or the collocation of phrases in which requests to charge are framed; but it is sufficient if he has in his charge correctly and substantially covered the requests; and when he has stated the pertinent legal rule, he may or may not, in his discretion, further elaborate it." O'Brien v. Bilow, 121 N.J.L. 576 (E. A. 1939).
The judgment of the Superior Court is affirmed, with costs. *Page 433