This is an appeal from a judgment of the Superior Court, Law Division, entered upon a jury verdict in favor of plaintiff.
Plaintiff was employed as a truck driver by the Barwick Transportation Company, and on June 7, 1945, on behalf of his employer, he transported a load of asphalt to the defendant's premises for use by the defendant. The vehicle used for this delivery was what is commonly known as a "tank wagon." Defendant maintained storage tanks, into which the asphalt was to be placed. It was necessary, at all times, to keep the asphalt in a semi-liquid or viscuous state, in order that it might be used in defendant's business. Consequently, the "tank wagons" were insulated.
When plaintiff arrived at the defendant's plant, he used defendant's facilities to blow steam through a corrugated metal hose, owned by his employer, and which, by custom, was left on defendant's premises in order that it might be available as each delivery was made. The object of blowing steam through the hose was to clear it of any asphalt which might have cooled and congealed or solidified in the hose between deliveries.
After plaintiff was satisfied that the hose was clear, he connected one end of the hose to his "tank wagon" and the other end to a pipe line belonging to the defendant. He also opened the dome of his tank wagon. He then, in obedience to a signal from defendant's employee, opened a valve on his vehicle at the hose connection. The electric pump was then started by the defendant's employee.
After the pump had been operating for about a minute it stopped, and defendant's employee told the plaintiff to close the valve. As he was closing the valve, plaintiff heard an *Page 24 
explosion and the asphalt erupted from the top of the tank. As a result of this, plaintiff was severely burned.
Defendant's employee, Sabo, testified that the line from the pump to the storage tank was vibrating and that he knew that, at any second, the asphalt might erupt. Plaintiff was not aware of this condition, and no warning was given to him of the impending danger.
The defendant's first point on appeal is that the court erred in refusing defendant's motion for dismissal. It seems that defendant's argument is based entirely upon the proposition that the liability of the defendant was predicated solely upon the application of the doctrine of res ipsa loquitur.
It must first be noted that the plaintiff came upon the defendant's premises for the purpose of making a delivery. His status as an invitee cast upon the defendant the duty to exercise reasonable care for his protection, as long as he remained within the bounds of his invitation. Kurkjian v. Wolpin,5 N.J. Super. 429 (App. Div. 1949). No suggestion is made that the plaintiff exceeded his invitation.
At the time that the eruption occurred, plaintiff was unaware that anything was wrong. He was told to close the valve of his "tank wagon" and he proceeded to do so. Plaintiff had previously cleared out the metal hose belonging to his employer. He testified further that there was no pressure on the inside of his truck. At this stage of the proceedings a question for the jury definitely arose as to where the stoppage in the line occurred, for if the stoppage was in the apparatus belonging to the defendant, we feel that it was the defendant's duty to explain its cause to the satisfaction of the jury.
It was further proved that the defendant's employee was fully aware of the impending danger. Sabo, the employee, testified that he heard the vibration and that the vibration occurred in the apparatus belonging to the defendant. He stated further that he knew, because of this vibration, that something was clogging the line, and that the asphalt might back up and erupt at any time. Despite this knowledge, Sabo chose to tell plaintiff to close the valve instead of warning *Page 25 
him to seek shelter, and in doing so he caused the plaintiff to remain in a place of danger when he might have directed him to a place of safety. The defendant's duty under these circumstances is to exercise reasonable care to render the premises reasonably safe for the purpose for which the invitee entered and to abstain from any act which might make the invitee's use of the premises dangerous. Finnegan v. The Goerke Co., 106 N.J.L. 59 (E. A. 1929). It was, therefore, for the jury to say whether Sabo discharged his duty to the plaintiff. Furthermore since it was proved that the vibration definitely occurred in the defendant's apparatus, a jury question arose as to whether the defendant used reasonable diligence in preventing the stoppage.
Defendant argues further that the court erroneously submitted the case to the jury on the doctrine of res ipsa loquitur. No further mention need be made of this argument than to point out that a careful review of the charge indicates that nothing was said concerning the doctrine and that the case was submitted to the jury on the question of negligence.
Lastly defendant claims that the verdict was against the weight of the evidence. We are convinced that there was sufficient competent evidence to support the verdict. The verdict of a jury will not be set aside unless it is clearly the result of mistake, partiality, prejudice or passion. Wadell v. Public ServiceCo-ordinated Transport, 3 N.J. Super. 132 (App. Div. 1949).
The judgment under review is affirmed. *Page 26