ELLIOTT v. DAHL.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

One going about in public places or semipublic places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety, and if he fails to use the care that an ordinarily careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT—PARKING LOT—NIGHTTIME—OIL PIT.

Plaintiff who fell into oil pit on defendants' parking lot at about 8:30 p.m. late in September held, guilty of contributory negligence in going upon defendants' premises in quest of car loaned to her and which she had been told was at a location that did not require that she go upon defendants' premises and in failing to proceed with sufficient caution if she was unable to see where she was going.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 3, 1941. (Docket No. 19, Calendar No. 41,603.) Decided October 6, 1941.

Function of court and jury on question of contributory negligence, see 2 Restatement, Torts, § 475.

Definition of contributory negligence and types thereof, see 2 Restatement, Torts, §§ 463 and 466, and for ''causal'' negligence, see § 466, comment (g).

Case by Mary M. Elliott against Ray Dahl and others for personal injuries alleged to be the result of defendants' negligence. Directed verdict for defendants Wineman Realty Company and Ray Dahl. Plaintiff appeals. Affirmed.

*Maurice M. Moule,* for plaintiff.

*Leon H. Hubbard,* for defendants.

SHARPE, C. J. Plaintiff brought an action against defendants to recover damages for personal injuries alleged to have been sustained by her as the result of the negligence of defendants. The action was dismissed by consent as to defendants Peoples' Outfitting Company and Theodore LaPointe. From a verdict directed by the trial court in favor of defendants Wineman Realty Company and Ray Dahl, plaintiff appeals.

The material facts are not in dispute. On September 26, 1940, at about 8:30 p.m., plaintiff, who previously had been given permission to use an automobile owned by Michael Silver, went to get the car which she understood was located in a parking lot. The parking lot was made up of two adjacent pieces of vacant property. A drain pit had been constructed on one of the pieces of property within about two feet of the other piece of property which was used as a parking lot. Silver's car was not parked near the oil pit; however, plaintiff in attempting to locate the car took the route usually taken to go onto the parking lot and fell into the oil pit. There was enough light on the premises so that plaintiff could see cars parked, but because of shadows cast by buildings and parked cars, she could not see the pit. As a result of the accident, plaintiff was severely injured and brought suit for damages.

At the close of plaintiff's case, the trial court, upon motion of defendants, directed a verdict against plaintiff.

The evidence also shows that when plaintiff sought to borrow the car, she was told that it was parked behind the Liberty cafe, a distance of three doors removed from the parking lot where plaintiff's accident occurred.

The principal question in this case may be stated as follows: Was plaintiff, in going upon the parking lot in the manner in which she did, guilty of contributory negligence?

Defendants rely upon *Blankertz* v. *Mack & Co.*, 263 Mich. 527, 533, 534, where we said:

"This court is definitely committed to the holding that one going about in public places or semipublic places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety. If he fails to use the care that an ordinarily careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune. *Bedell* v. *Berkey*, 76 Mich. 435 (15 Am. St. Rep. 370); *Shorkey* v. *Great A. & P. Tea Co.*, 259 Mich. 450; *Garrett* v. *W. S. Butterfield Theatres, Inc.*, 261 Mich. 262; *Boyle* v. *Preketes*, 262 Mich. 629; *Grand Rapids Bedding Co.* v. *Grand Rapids Furniture Temple Co.*, 218 Mich. 486; *Rice* v. *Goodspeed Real Estate Co.*, 254 Mich. 49. The last-cited case is surely not more conclusive of plaintiff's contributory negligence incident to an elevator accident than the present case, and plaintiff's contributory negligence there barred recovery."

In determining this issue, we have in mind that, while defendants Wineman Realty Company and Ray Dahl conducted a public parking lot at the place where plaintiff was injured, yet, it was unnecessary

for her to be there in seeking the car that was parked at another place.

In *Massey* v. *Seller*, 45 Ore. 267 (77 Pac. 397, 16 Am. Neg. Rep. 553), cited in *Steger* v. *Immen*, 157 Mich. 494, 497 (24 L. R. A. [N. S.] 246), plaintiff, approaching the outer door of defendant's premises, observing "this dark place," as he termed it, and wanting to find a water-closet, walked into an elevator shaft, without knowledge of its existence. The court said:

"If it was so dark in there that he could 'see nothing,' it was certainly an act of folly on his part to enter on a cruise of exploration and discovery without stopping to determine whether it was safe to proceed. To bolt headlong into a place little known, and where the senses cannot take note of it, is not the act of a prudent man, and there is no chance for any other inference or deduction concerning it. Reasonable minds could not come to any other conclusion touching it, so that there is nothing for the jury to determine, and the trial court very properly declared the result as a matter of law."

In *Rice* v. *Goodspeed Real Estate Co.*, 254 Mich. 49, plaintiff walked into an open elevator shaft and sustained serious injuries; we there quoted the following with approval:

" 'A person who pays little heed to his surroundings, and goes hither and thither in an absent-minded manner, or thinking only of some particular object and shutting his eyes to everything else, is guilty of an inattention sometimes dangerous to himself and quite as often to his neighbors, and of a want of that ordinary care which the safety of society requires all sane persons of mature age to exercise, and for which they are civilly responsible.' *Hutchins* v. *Priestly E. W. & S. Co.* (syllabus), 61 Mich. 252."

In the case at bar, plaintiff was informed where she could find the parked car. Such information did not direct her to go upon the parking lot, nor was it necessary to go upon such lot in order to get to the car. Instead of following the directions given her, she went out of her way in looking for the car. If it was so dark that she could not see where she was going, it was her duty to proceed with caution. It is our conclusion that plaintiff was guilty of contributory negligence as a matter of law in going upon the premises in the manner in which she did.

. The judgment of the trial court is affirmed, with costs to defendants.

BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.