DeLUCA v. WONNACOTT.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

Evidence must be viewed in the light ·most favorable to the plaintiff on appeal from directed verdict for defendant.

2. AUTOMOBILES—MINOR PEDESTRIANS—CONTRIBUTORY NEGLIGENCE —QUESTION FOR JURY.

Whether or not girl, 9 years and 5 months of age, was guilty of contributory negligence in stepping perhaps a foot or a foot and a half beyond parked car at mid-block between intersections *held,* question for jury in action arising· out of injuries inflicted on busy city street at 4 p.m. in mid-April.

3. SAME—PEDESTRIANS.

A pedestrian must take reasonable precautions for his own safety but is not required to anticipate negligent conduct on the part of a motorist.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

The question of contributory negligence is usually judged not alone by what the plaintiff did or did not do, but also by the conjoining facts pertaining to what in the way of legal duty the plaintiff had a right to expect of the defendant, reciprocal rights and duties being involved.

5. COSTS—CONSOLIDATED CASES.

Single costs are allowed to plaintiff mother of injured minor pedestrian and her father, where their cases against defendant motorist were consolidated for trial and appeal.

DETHMERS, C. J., and CARR.and KELLY, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 776, 1048.
[3, 4] 5A Am Jur, Automobiles and Highway Traffic §§ 746, 747.

Appeal from Wayne; Robinson (Thomas N.), J., presiding. Submitted October 9, 1959. Docket Nos. 44, 45, Calendar Nos. 47,704, 47,705.) Decided January 4, 1960.

Case by Linda DeLuca, a minor, by her next friend, Eleanor DeLuca, against Eileen Wonnacott, executrix of the estate of Earl Craile, deceased, for personal injuries sustained when struck by automobile. Similar action by Phillip DeLuca for medical expenses. Cases consolidated for trial and appeal. Directed verdicts and judgments for defendant. Plaintiffs appeal. Reversed and remanded.

*I. Goodman Cohen (Irving L. Halpern, of counsel),* for plaintiffs.

*Carl F. Davidson,* for defendant.

VOELKER, J. Plaintiffs and appellants brought their respective suits to recover damages and certain medical and other expenses growing out of injuries to their minor daughter when she was struck by an automobile owned and driven by the defendant, Earl Craile, who died before the trial. The mother of the child sued as next friend; the father sued on his own behalf. The cases were consolidated for trial below and on this appeal.

The child, a pedestrian, was attempting to cross Mack avenue in Detroit on a routine errand for her mother. The accident happened about 4 p.m. on April 20, 1955, at a point not at a cross walk. The child was then 9 years and 5 months of age. The day was clear and dry. Just prior to the accident she had walked easterly along the north side of Mack avenue until she came to a point on the sidewalk approximately mid-block and almost directly across the street from her destination. She was

alone. She stepped off the curb onto Mack avenue in front of a car parked immediately to her left and facing westerly. She later testified she could have touched this parked car. She continued at a walk until she reached the left front side of the parked car, where she stopped. She looked to her right or westerly. She then turned her head to look to her left and, while doing so, took "a little step" farther out into the street and beyond the front of the parked car and thereupon was struck by the right front portion of the car driven by defendant's decedent, suffering severe injuries. The proofs also showed that other cars were parked rather solidly along the north curb of Mack avenue, and that just prior to the accident the driver was proceeding in excess of 20 miles per hour. At the close of plaintiffs' proofs the defendant moved for a directed verdict, which the trial court granted on the ground that the child was guilty of contributory negligence as a matter of law. This joint appeal by the plaintiffs has resulted.

It should be added that the proofs at this stage in the proceedings also showed that the child was above average in intelligence; that she was getting along well in school; and that she had had considerable training and instruction in traffic and safety measures there and elsewhere, all of which was mentioned by the trial court in granting the motion.

In passing upon whether or not the trial judge erred in granting the motion for a directed verdict on the grounds he did, we must view the proofs, as should he, in the light most favorable to the plaintiff. *Shaw* v. *Bashore,* 353 Mich 31. Both sides have devoted considerable space in their briefs to discussing the degree of care required of children of tender years. We do not conceive that it is necessary for us to get into this rather misty area of the law, and we feel that we can proceed fairly to

decide this case much as though the child were an intelligent adult.

This case is far from being a "strong" plaintiff case; indeed it is rather obviously a "close" one, which is probably why it wasn't settled before trial. Unfortunately for us, however, the hard and close cases are precisely the ones which are most apt to come before us. In the light of developments it was also probably most unwise of the child to take "a little step" into the street beyond the sanctuary of the parked car before she had first completed looking for oncoming traffic from her left, where any approaching traffic might have been expected. But having said all that, these observations are still not necessarily controlling of our decision. However hard they are to decide, it is the close cases that really test the true province of the motion for directed verdict. On favorable view was there no reasonable question or questions of fact presented here for a jury to decide? We shall proceed to examine that subject.

The proofs regrettably do not tell us much of anything about the size or height of the parked car, or whether it impeded the child's view, or exactly how far the injured child stepped into the lane of moving traffic before she was struck, or how much a "little step" taken by this particular 9-1/2 year old girl might have measured. On favorable view, however, we think that fair inference is not strained if we conclude that here a "little step" by such a child could scarcely have been much more than a foot, or a foot and a half at the outside. We accordingly have a situation where on favorable view the proofs at the time the motion was made show a motorist proceeding in excess of 20 miles per hour along a busy street in a congested area while driving approximately a foot or a foot and a half from a line of closely parked cars. It is both unnecessary

and improper for us to say whether or not this constituted negligence on the part of the driver. We deem we have fulfilled out judicial function when we say, as we do, that we believe reasonable people might well disagree on that score. We must likewise consider whether any possible negligence of the child in doing what she did was necessarily a proximate cause of the injury. Here again we think reasonable people, that is, jurors, might still disagree.

In other words we suggest simply that under the circumstances of this case the claimed actions and failures of the plaintiffs' minor may not, as a strict matter of law, necessarily have contributed to or necessarily have been a proximate cause of this accident. A fair doubt remains, and such doubts are for jurors and not for judges to resolve. If, for example, the defendant was driving too close to parked vehicles for the conditions present (which we need not and do not pass on, since we deem that to be a possible question of fact the resolution of which lies without our present province), then perhaps correspondingly it was not necessarily contributory negligence, in the legal sense, for the child to do what she did. At least it would seem that a fair question of fact is presented. When we have said that we have found that the trial court erred. If not, it strikes this writer that we would otherwise virtually be announcing a rule that any pedestrian who dared poke his head or projected any part of his body out in the street the better to observe possible oncoming traffic would do so in the eminent danger of losing it in an uncollectable clobbering. When that day arrives, then will the internal combustion engine have inherited the earth.

*Gapske* v. *Hatch,* 347 Mich 648, is a case where the situation in some respects was not too dissimilar to this one. There the pedestrian was trying to

get into the driver's door of his parked car at night when he was struck by an approaching taxicab. Mr. Justice Edwards there wrote as follows (p 656): "While he [a pedestrian] must take reasonable precautions for his own safety, plaintiff is not required to anticipate negligent conduct on the part of another (citing cases)."

Neither negligence nor contributory negligence exist by themselves in airtight compartments. Especially must this be so in "wink-of-the-eye" automobile accident cases. Physical propinquity is involved. A self-centered, fragile and crowded humanity endlessly intent on reaching divergent goals is involved. Indeed (if one may still venture to use such archaic terms) simple good manners and consideration for others is involved, which, when reduced to legal terms, means that reciprocal rights and duties are involved. As we said in *Hoffman* v. *Burkhead,* 353 Mich 47, at pp 55 and 56:

"We cannot in these situations isolate and examine the plaintiff's conduct in a vacuum, like a beetle under a glass; his conduct must be examined and weighed in conjunction with what corresponding conduct the plaintiff might reasonably have expected on the part of the defendant. As Mr. Justice Black recently so well said in his well-reasoned opinion in *Weller* v. *Mancha,* 351 Mich 50, 67, quoting approvingly from earlier but recent cases:

"'"As we have previously seen (*Clark* v. *Shefferly,* 346 Mich 332) the question of contributory negligence is usually judged, not alone by what the plaintiff did or did not do, but also by the conjoining facts pertaining to what in the way of legal duty the plaintiff had a right to expect of the defendant."'"

One of the things this Court has latterly been at some pains to achieve is to restore litigants to their jury day in our courts, and not allow that day to be

cut off peremptorily except when there is no reasonable issue for the jury to pass on. As this writer recently said elsewhere (*Galea* v. *Detroit Wabeek Bank & Trust Company*, 357 Mich 333, 340): "We do not seek to destroy the motion [for directed verdict], but simply to restore it to the proper and relatively modest place it once enjoyed in our law."

Reversed and remanded for new trial, with single costs to the prevailing parties.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

KELLY, J. (*dissenting*). In directing a verdict on the ground that the child was guilty of contributory negligence as a matter of law, the trial court stated:

"Where you have a child of sufficient age, ability and understanding so that the child could reasonably have been expected to exercise the degree of care necessary under the circumstances that are shown and the consequences that would follow from the conduct in which she engaged, it becomes purely a question of whether or not the child was negligent.

"Now, we have a child here somewhat over 9 years of age, roughly 9 years and 5 months, I believe. This child was, let me say, somewhat above normal in intelligence. At the time she was injured, she was due for a double promotion in school, which meant that she was taking 2 grades, as I understand it, at once, and was going to be advanced more rapidly than she would normally be advanced year by year under the school curriculum.

"She was thoroughly informed, not only by her parents, but by other people, including the people at school, as to the danger of traffic conditions or, rather, the danger engendered by traffic conditions of the community in which she lived. She was fully aware of the situation that would be presented

should she step out from behind a parked car in the middle of a block without looking both ways, and she was fully aware of the danger that attended, as she said, moving her feet before she moved her eyes.

"If this child had looked to the left before she took the step, she would have seen the car. It is my opinion that the trouble here, the circumstances which give rise to the accident, was the failure of the child to look both ways, as they say. She looked to the right, but she didn't look to the left. Before she got an opportunity to look to the left, she took the step that put her in front of the car, and as a result of that, she was injured.

"I am basing my finding on that as being the focal point of this suit, the one thing that happened in the case that caused the accident, and without which, there would have been and could have been no accident, because had she looked, she would have seen the car that was right there and was about to strike her.

"Now, I am, therefore, holding her guilty of contributory negligence as a matter of law.

"The plaintiff feels that I should not direct this verdict, that I should leave it to the jury to determine, on account of the child's age, her mental attainment, her capacity, and her knowledge of the affairs with which she was engaged, and to let you determine whether or not, under the circumstances, she did what a reasonable person or a reasonably prudent child of that age would do.

"I could easily do that if it were not for all the proofs we have here to establish that she did have the intelligence that she was required to have for her own protection, under the circumstances, and she failed to do the things that she, herself, knew she could do to provide for her own safety.

"If I didn't announce that rule, I would practically be saying that contributory negligence should be left to a jury on a general rule basis, that the contributory negligence of infants is always a jury

question, and that is not the law in this State. It is only a jury question where there is some question as to the capacity and ability and intelligence of the child, and we do not have that situation here in this case.

"She had sufficient intelligence to appreciate the danger of running out into the highway, the road, or the street without first stopping and looking for oncoming cars. There was no traffic interfering with her vision, and it was a bright clear day. It is apparent that there is no question of fact to be decided by this jury. The question becomes one of law, and I am treating it as such."

I agree with the trial court and disagree with my Brother, and, therefore, write for affirmance.

The judgment should be affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, J., concurred with KELLY, J.