### SMITH *v.* HINSCH.

1. AUTOMOBILES—PEDESTRIANS—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.
   Instructions, given in action by a northbound pedestrian at crosswalk on east side of intersection, who was injured by fall to the pavement as southbound defendant made left turn after northbound traffic had cleared so he could proceed, *held*, to have adequately and fairly covered subjects of contributory negligence and proximate cause when taken as a whole and various phrases not taken out of context.

2. SAME—PEDESTRIANS—GREAT WEIGHT OF EVIDENCE.
   Jury's verdict for southbound left-turning defendant motorist

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic §§ 1097, 1100.
[3] 3 Am Jur, Appeal and Error § 952.

in action against him by 80-year-old northbound plaintiff on east crosswalk at intersection controlled by traffic light, *held,* not contrary to the weight of the evidence.

3. APPEAL AND ERROR—QUESTION FOR JURY.

The Supreme Court will not disturb the conclusion reached by a jury unless the error complained of, if any, is grave and the prejudice manifest.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted October 14, 1959. (Docket No. 74, Calendar No. 48,050.)   Decided January 4, 1960.

Case by Mary Smith against James E. Hinsch and Erwin Hinsch for personal injuries sustained when struck by automobile. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Goodman, Crockett, Eden & Robb (George W. Crockett, Jr.,* and *Richard Goodman,* of counsel), for plaintiff.

*Erickson, Dyll, Marentay & Slocum (Eric H. Selby,* of counsel), for defendants.

VOELKER, J. Plaintiff-appellant Mary Smith, an elderly woman of about 80, was injured while attempting to cross Tireman avenue on foot in Detroit at or near the intersection of Tireman and Beechwood avenues. The extent and nature of her injuries are not in question, and it is admitted by all concerned that the plaintiff was badly injured. At the trial level it was the plaintiff's theory that her injuries arose as a result of the defendant James E. Hinsch negligently driving the automobile of the defendant Erwin Hinsch so as to cause it to strike her as she was walking across Tireman avenue at the intersection crosswalk. Plaintiff alternatively contended that the driver, in an attempt to make a left turn onto Tireman avenue from Beechwood

avenue, had stopped temporarily to allow north-bound traffic on Beechwood to clear (which traffic temporarily blocked his turn and vision), and that meanwhile the plaintiff had entered the crosswalk on the green light and was in the process of walking across Tireman in a northerly direction when the defendant driver, without observing the plaintiff's presence, started his car to continue his left turn and that in doing so his automobile either struck the plaintiff or came in such close proximity to her as to frighten her and cause her to fall, thus causing her injuries.

Defendant-appellees deny here, as they did below, that there was any negligence on the part of the defendant driver, and affirmatively charge that plaintiff was negligent in attempting to cross the intersection without making proper observations. They assert further that the automobile did not ever strike the plaintiff (police testimony supported this contention) but that she became startled and fell when she first observed the car in her path as she was scurrying across the street.

The cause was tried before a jury which returned a general verdict of no cause for action, upon which judgment was accordingly entered. Plaintiff moved for a new trial, which motion was denied without opinion. This appeal is from the verdict and judgment and from the trial court's denial of plaintiff's motion for new trial.

Appellant in her brief sets out the following questions on appeal:

"1. Did the trial court err in failing to instruct the jury that contributory negligence cannot defeat plaintiff's recovery unless such contributory negligence is found to have been a proximate cause of plaintiff's injuries?

"2. Did the trial court unduly emphasize the issue of plaintiff's alleged contributory negligence?

"3. Did the trial court err in denying appellant's motion for new trial?"

Regarding appellant's first 2 questions, we have read the instructions of the trial court in their entirety and find that they adequately inform the jury on the applicable law reflected by the various evidentiary claims presented by both sides in this case. (See our more extended discussion of instructions to juries in *Huffman* v. *First Baptist Church of Flushing,* 355 Mich 437, beginning at p 445.) We note particularly that the instructions as given by the trial judge properly covered the subjects of contributory negligence and proximate cause. To dissect those instructions by lifting certain phrases or sentences out of context would serve no useful purpose, and we deem it sufficient to say that in our opinion the subject was adequately and fairly covered.

Appellant in her brief has relied upon her arguments pertaining to the first 2 questions to show that the trial court erred in denying appellant's motion for a new trial. Having found that the instructions as given by the trial court were fair and adequate to the issues we see no reason to further discuss appellant's third question. On balance we cannot say that the verdict of the jury was contrary to the weight of the evidence.

This writer recently wrote as follows in *DeLuca* v. *Wonnacott,* 358 Mich 319, 324: "One of the things this Court has latterly been at some pains to achieve is to restore litigants to their jury day in our courts." By the same token, however, we do not propose lightly to accord litigants *two* jury days in our courts, and when a plaintiff has had an opportunity fairly and fully to present his case to a jury we are not going to disturb the conclusion reached by that jury unless the error complained of, if any, is grave

and the prejudice manifest. We can discern no such error in this case.

The judgment of the trial court is affirmed, with costs to the prevailing parties.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.