CAFRUNY *v.* BUCKLEY.

AUTOMOBILES—INTERSECTIONS—GREAT WEIGHT OF EVIDENCE.
Verdict for defendant motorist on through street whose car struck plaintiffs' right-turning car at intersection *held,* not against the great weight of the evidence, where there were conflicting versions as to speed of defendant's car and distance away from intersection when plaintiff driver came onto it.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted June 8, 1960. (Docket Nos. 22, 23, Calendar Nos. 48,126, 48,127.) Decided July 11, 1960.

REFERENCES FOR POINTS IN HEADNOTES
5A Am Jur, Automobiles and Highway Traffic § 1062.

Consolidated cases by Agnes Cafruny, Harry Cafruny, and American Insurance Company, a New Jersey corporation, subrogee, against Mary E. Buckley and Orville Arthur Pelkey for personal injury and property damage resulting from automobile collision. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*William Ross,* for plaintiffs.

⸱ *William J. Eggenberger* (*William D. Eggenberger,* of counsel), for defendants.

EDWARDS, J. Two cases involving a 3-car collision in the city of Detroit on August 23, 1956, were consolidated for trial and appeal. Plaintiff in 1 case, Mrs. Cafruny, was the driver of a Mercury automobile. Her husband, the owner of the Mercury, and his insurance company, subrogee, were plaintiffs in the second case. Defendants in both cases are Mr. Pelkey, the driver of a Plymouth automobile, and Mrs. Buckley, the owner of the Plymouth.

Plaintiff Cafruny's automobile entered a through street, Springwells, from a street controlled by a stop sign, Navy, and was struck by the car driven by defendant Pelkey and thrown against a third automobile which was parked at the curb, occasioning Mrs. Cafruny's injuries.

The 2 drivers were the only eyewitnesses to the accident who testified. Their versions were in material conflict. Mrs. Cafruny claimed she came to the intersection, stopped at the stop sign, pulled into the street slowly to be able to observe around parked cars and stopped again, at which time she saw defendants' automobile *2–1/2 blocks away.* She then started to make a right turn into Springwells when her car stalled and defendant Pelkey, *travel-*

*ing 50 miles per hour,* ran into her, throwing her car into the parked car.

Defendant Pelkey, on the other hand, claimed that he was traveling on a through street at *20 to 25 miles per hour,* that he first saw plaintiff when he was *60 or 70 feet distant* from the intersection, that she came into the center of Springwells and stopped and that, although he applied his brakes promptly, he was unable to prevent striking her car. The testimony of both parties was adversely affected by cross-examination as to earlier, somewhat conflicting, statements about the same matters.

The jury found no cause for action in each case.

We have reviewed the record and can find no reason to hold that the verdict was against the great weight of the evidence. The jury obviously believed defendants' testimony which it had a right to do.

No other question of merit is presented.

Plaintiffs were entitled to a fair jury trial. They had one. There is no occasion for a second. *Smith* v. *Hinsch,* 358 Mich 334; *Rouse* v. *Gross,* 357 Mich 475.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.