DOCKHAM v. MARR.

1. Appeal and Error—Motion for Judgment Non Obstante Veredicto—Evidence.

Proofs must be viewed in the light most favorable to plaintiff where defendant moved for judgment *non obstante veredicto* on ground that plaintiff was guilty of contributory negligence as a matter of law.

2. Negligence—Contributory Negligence—Dark Stairway in Theater—Question for Jury.

An issue of fact as to contributory negligence of plaintiff was presented for consideration of jury, where he testified that in following directions of sign indicating location of the men's room in defendants' theater that he could not see, there was no warning of the stairs down which he fell and of the existence of which he had not known theretofore, since reasonable minds might differ as to whether he might rely on the sign and visible conditions in darkened theater there existing as indicating or not indicating a dangerous condition.

References for Points in Headnotes
[1] 30A Am Jur, Judgments §§ 292–310.
[2] 38 Am Jur, Negligence § 348.

Appeal from Saginaw; Borchard (Fred J.), J. Submitted April 10, 1964. (Calendar No. 33, Docket No. 50,198.) Decided November 2, 1964.

Case by Milo H. Dockham against George C. Marr, Russell E. Marr, and Venice Huebner, doing business as Marr Theatre, for injuries sustained in fall on stairway. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Cicinelli, Mossner, Majoros & Harrigan* (*Peter F. Cicinelli* and *Eugene D. Mossner,* of counsel), for plaintiff.

*Stanton, Taylor, McGraw & Collison* (*John Davidson,* of counsel), for defendants.

DETHMERS, J. Plaintiff went to defendants' theater and asked permission to enter, without paying an admission fee, for the purpose of looking for and getting his young son. He was granted the permission and did enter. It was a bright afternoon. It was much darker in the theater. Testimony was adduced of varying estimates as to how long it would take eyes to adjust from the outdoor brightness to the dimness inside. Plaintiff stood in the rear of the theater and, for about 1-1/2 minutes, looked toward the screen on which a moving picture was being shown. He did not see his son. Against a side wall, at the rear of the theater and behind the area where the audience was seated, was a sign indicating that a men's room was located in the direction further to the rear from the sign. Plaintiff proceeded toward the sign and turned in the direction indicated by it. There was a dark passageway along the wall on which the sign was located, extending to the rear therefrom. This the plaintiff entered, assuming that it led, as it did, to the men's room.

However, the passageway extended but four feet to a stairway leading down to the men's room. There was no sign or indication that the men's room was on a lower floor or that there was a stairway ahead. After plaintiff had walked into the passageway, he came to and fell down the stairs which he testified he did not and could not see because of darkness. He had never been there before. He claimed his fall was due to inadequate lighting of the passageway and stairs and lack of a warning of the presence of the stairs.

Plaintiff sued for resulting damages. A jury found for him. Defendants' motion for judgment *non obstante veredicto* was denied. They appeal, asking for reversal and entry of a judgment *non obstante veredicto* in their favor.

Defendants urge as the sole issue on appeal whether plaintiff was contributorily negligent as a matter of law. They contend that he was, for having walked blindly and without due care into a passageway which he testified was so dark that he could not see the stairs. For the proposition that it is contributory negligence as a matter of law for a plaintiff to fail to exercise his natural faculties, such as eyesight, for his own protection in order to avoid injury or to proceed without being able to see, defendants cite *Dahlerup* v. *Grand Trunk W. R. Co.,* 319 Mich 96, *Johnson* v. *City of Pontiac,* 276 Mich 103, *Evans* v. *Orttenburger,* 242 Mich 57, and *Selman* v. *City of Detroit,* 283 Mich 413. These were cases in which the plaintiff either had known of the hazardous condition which caused him injury or could have known of it and seen it, had he looked or paid attention to what was there plainly to be seen. Viewed in the light most favorable to plaintiff, as must be done (*Todd* v. *Simonis,* 370 Mich 342), the proofs do not show such to be the facts here, where plaintiff testified that he could not see, there was no

warning of the stairs, and he had not known of their existence. And so, too, with *Blankertz* v. *Mack & Co.,* 263 Mich 527, relied on by defendant, plaintiff was familiar with the surroundings, knew of the presence of an elevator shaft, opened a door to it and stepped into it without first ascertaining whether the elevator was at that floor level. It was not and so he fell down the shaft. Such heedlessness in the face of a danger known to plaintiff is not involved in the instant case. And then defendants cite *Nezworski* v. *Mazanec,* 301 Mich 43, in this same connection. Remarkably enough, in that case this Court held that where plaintiff had stepped out of a lighted room on defendant's premises onto an inadequately lighted platform outside it and fell, the question of her contributory negligence was one of fact for the jury.

Finally, we come to defendants' citations of *Steger* v. *Immen,* 157 Mich 494 (24 LRA NS 246), *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich 49, and *Elliott* v. *Dahl,* 299 Mich 380, for the proposition that it is contributory negligence as a matter of law for a plaintiff to step into a dark place where he is unable to see a dangerous condition there existing which then causes him injury. *Steger* is distinguishable from the instant case in that there the plaintiff, with nothing to indicate that he could safely proceed through a door which was then closed, opened it, stepped into a darkened shaft and fell to the basement. Here, on the contrary, the sign on the wall indicated that the passageway which plaintiff entered could safely be entered as the way leading to the men's room, with no indication of the existence of a stairway nor sufficient light to disclose it. In *Rice* plaintiff, after dark, entered a building in which he had rented office space, knowing of the existence and location of an elevator which he frequently had used and operated himself. In attempting to locate

it, plaintiff fell down the shaft. This Court stressed that plaintiff knew of the existence of the dangerous condition and took no precautions to determine whether the elevator was on that floor level before stepping into it. In the case at bar, plaintiff had no knowledge of a dangerous condition and reasonable minds might well differ as to whether he might not rely on the sign and visible conditions there existing as indicating the contrary. That would give rise to a jury question. *Muth* v. *W. P. Lahey's, Inc.*, 338 Mich 513. In *Elliott*, also, there was lacking the element, here involved, of an apparent assurance of safety to proceed.

In commenting on cases cited by defendants as seeming to support their position, plaintiff quotes from *Gugel* v. *Sears, Roebuck & Co.* (CCA 6), 308 F2d 131, 138, the following:

"It can be argued that under these earlier decisions of the Supreme Court of Michigan the plaintiff in the present action could be held to be guilty of contributory negligence as a matter of law, which would bar his recovery in this action.

"However, it should be noted that in more recent decisions the Supreme Court of Michigan has held that where there is any question or doubt as to plaintiff's contributory negligence, the question should be submitted to a jury for determination." (The appeals court then cited and discussed as illustrations of the "more recent decisions" the following: *Normand* v. *Thomas Theatre Co.*, 349 Mich 50; *McKinney* v. *Yelavich*, 352 Mich 687; *Shaw* v. *Bashore*, 353 Mich 31; *DeLuca* v. *Wonnacott*, 358 Mich 319; *Budman* v. *Skore*, 363 Mich 458; *Ackerberg* v. *Muskegon Osteopathic Hospital*, 366 Mich 596.)

There well may be a modicum of truth in the Federal court's observation about the more recent trend in this field in the decisions of this Court. The mentioned cases cited in that opinion support plain-

tiff's contention in this case that the question of his contributory negligence was properly one for submission to the jury. We think it was.

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with DETHMERS, J.

BLACK, J., concurred in result.