STEEHLER v. FASHION CITY OF MICHIGAN, INC.

1. Negligence — Window Display — Contributory Negligence — Charge to Jury.

  Trial court did not err in refusing to charge that attractive though not unusual store window display of merchandise did not constitute a momentary distraction which would temporarily relieve plaintiff of duty of watching out for her own safety.

2. Nuisance—Evidence—Subsequent Similar Accidents.

  Where there was evidence enabling jury to pass on whether or not the design, construction, and maintenance of a store entranceway measured up to a standard commensurate with the exercise of reasonable care for the protection of plaintiff, who was window shopping at the time she tripped thereon and fell, and whether or not plaintiff had exercised reasonable care to watch out for her own safety, trial court did not commit reversible error in excluding evidence of subsequent similar accidents.

3. Same—Sounding in Negligence—Charge to Jury.

  Failure of judge in charge to jury to specify allegation of nuisance as a separate theory did not constitute reversible error where allegation of nuisance sounded in negligence.

Appeal from Houghton, Brennan (Leo J.), J. Submitted Division 3 May 8, 1968, at Marquette. (Docket No. 2,930.) Decided October 24, 1968.

Complaint by Jane Steehler against Fashion City of Michigan, Inc., a Michigan corporation, and Bosch

References for Points in Headnotes

[1] 38 Am Jur, Negligence §§ 181, 184, 189, 367.
[2] 29 Am Jur 2d, Evidence § 309.
[3] 38 Am Jur, Negligence § 362.

Development Company, a Texas corporation, for personal injuries sustained in fall on defendants' premises. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*Dartland & Johnson,* for plaintiff.

*McLean & Healy,* for defendants.

J. H. GILLIS, J.  On November 19, 1962, plaintiff, an elderly woman, was window-shopping in the entranceway to a women's clothing store owned by one of the defendants. While looking at a window display, plaintiff proceeded to walk out to the sidewalk in front of the store. There was a small step at the point where the entranceway met the sidewalk and plaintiff tripped, fell and was injured. An action was brought based on negligence and public nuisance. Defendants pleaded the affirmative defense of contributory negligence. From a jury verdict of no cause of action and a denial of her motion for a new trial, plaintiff appeals.

Plaintiff assigns as error the trial court's failure to instruct the jury that the window display might have constituted a momentary distraction which would have temporarily relieved the plaintiff from the duty of watching out for her own safety. In support of her theory, plaintiff cites *Boyle* v. *Preketes* (1933), 262 Mich 629. In that case, it was stated (pp 632, 633):

"Touching plaintiff's claim that her attention was distracted by the display of defendants' wares, it may be said that there was nothing unusual as to the manner or character of the display. We find nothing in this record which would justify the claim, at least made inferentially in behalf of appellant, that the display of the merchandise here kept for

sale because of its attractive nature can be held to lessen the degree of care which plaintiff was required to exercise for her own safety."

The Court in *Boyle* held that a directed verdict for defendant was warranted by evidence which showed that the plaintiff, looking at a counter display, fell down some properly constructed, well-lighted and unconcealed steps connecting different levels in the defendant's store. The Court's decision was not, as plaintiff contends here, based on a failure to find a question of fact to submit to a jury. The Court merely held that the fact that the display of merchandise was attractive, though not unusual, would not lessen the degree of care which a customer would be required to use for her own safety.

Plaintiff further urges that there was evidence sufficient to raise the question of whether the maintenance of the entranceway constituted a public nuisance and that the trial court erred in failing to so instruct the jury. Related to this is the allegation of error in refusing to admit into evidence the testimony of certain witnesses who, it is contended, would have testified to subsequent similar accidents in an attempt to prove nuisance.

Neither of these allegations tend to establish reversible error. The trial court carefully outlined for the jury the factual and legal elements supporting the claims upon which both parties relied for a verdict in their favor. Plaintiff's recovery depended on whether or not the design, construction and maintenance of the entranceway measured up to a standard commensurate with the exercise of reasonable care for the protection of plaintiff and whether or not she had exercised reasonable care to watch out for her own safety. There was evidence enabling the jury to pass on these questions and from which they could reach a verdict. The failure to admit

the additional testimony into evidence did not prevent the plaintiff from having a fair trial.  In the order denying plaintiff's motion for new trial, the trial court stated that "plaintiff has had a full, fair and impartial trial in all respects."  We find no further evidence from the record to warrant a different conclusion.  That the allegation of nuisance was not specified as a separate theory does not constitute reversible error when the nuisance sounds in negligence.  *Young* v. *Groenendal* (1968), 10 Mich App 112.

Affirmed.  Costs to appellees.

FITZGERALD, P. J., and McGREGOR, J., concurred.