119 N.J. Super. 380 (1972)
291 A.2d 842
GOLDA KRACKOMBERGER AND WILLIAM KRACKOMBERGER, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
VORNADO, INC., A KANSAS CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1972.
Decided June 9, 1972.
*381 Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Mr. Richard J. Levinson argued the cause for appellants (Messrs. Levinson, Conover, Fink & Axelrod, attorneys).
Mr. Robert J. Casulli argued the cause for respondent (Mr. Edward C. Hillis, of counsel and on the brief).
*382 The opinion of the court was delivered by LABRECQUE, P.J.A.D.
Plaintiff Golda Krackomberger was injured on December 9, 1969 as a result of a fall while shopping in a store owned and operated by defendant Vornado, Inc. She sued for her injuries and her husband, William, joined per quod. They appeal from a judgment in favor of defendant and from the denial of their motion for a new trial.
The facts were not in dispute (defendant produced no witnesses). The accident occurred as plaintiff and a woman companion were walking through an aisle in the ladies wear section of defendant's "Two Guys From Harrison" discount store in East Brunswick, Middlesex County. Plaintiff testified that she slipped and was caused to fall on a clear plastic coat or dress cover (in store parlance, a plastic blouse protector) which she had not previously observed in the aisle. Her companion, who had been following behind her due to the narrowness of the available aisle space at that point, had not previously observed it. The aisle was bordered on one side by display counters and on the other side by racks of clothing. Plastic covers of the type which allegedly caused plaintiff to fall were used in displaying certain items of merchandise on the racks. At the place where she fell the racks intruded into the aisle space.
The case was tried as to liability only. In response to written interrogatories the jury found negligence on defendant's part and contributory negligence on the part of plaintiff. The court molded the verdict to one of no cause for action and entered judgment accordingly. A subsequent motion for a new trial was denied.
Among the requests to charge submitted by plaintiffs was one which provided that "Mrs. Krackomberger had the right to assume that the floor of the defendant's store was free from obstruction as she walked down the aisle. This right existed until she was aware or should have been aware of the hazard which caused her fall." Plaintiffs challenge the court's refusal to so charge as error. We agree.
*383 Plaintiff was a business invitee to whom defendant owed the duty of exercising reasonable care to maintain the aisle in a reasonably safe condition for passage. Finnegan v. Goerke Co., 106 N.J.L. 59, 61-62 (E. & A. 1929). See also Wollerman v. Grand Union Stores, Inc., 47 N.J. 426 (1966). The layout of the store was such that shoppers walking down the aisle were confronted with a display of defendant's products on both sides which they were invited to examine and purchase. Shoppers desirous of purchasing an article displayed on a rack would remove the article from the rack and take it to the cashier. There was no contention at the trial that plaintiff was not using the aisle in the manner intended. She testified she had already picked out three items from the counter and had them in her hand.
The defense of contributory negligence was based upon plaintiff's admission that immediately before she fell she had been looking at the displays on the counter rather than looking at the floor. However, plaintiff had the right to assume that defendant had performed its duty of exercising reasonable care to maintain the aisle in a reasonably safe condition. Finnegan v. Goerke Co., supra, 106 N.J.L. at 62; Cooper v. Reinhardt, 91 N.J.L. 402, 404 (S.Ct. 1918). Cf. Bates v. Valley Fair Enterprises, Inc., 86 N.J. Super. 1, 7-9 (App. Div. 1964). Her right to assume that the aisle was clear, until she had notice or was chargeable with notice to the contrary, had a direct bearing on the issue of whether she was in the exercise of reasonable care in proceeding as she did. The request asked no more than that the jury be charged as to a rule directly applicable to plaintiff's conduct. It was not enough to charge, as the court did, that she was not required to maintain a continuous surveillance of the floor. Contributory negligence could be based only upon the fact that immediately before the accident she had been looking at the display rather than the floor.
We are convinced that the omission to so charge worked substantial prejudice to plaintiffs. This is especially so in view of the somewhat attenuated charge as to contributory *384 negligence  which the plaintiffs also challenge. Thus the court, after defining contributory negligence, charged that:
For breach of any duty as I have set them out to you, you may conclude that the plaintiff was, herself, negligent. You will then go on to a determination whether such negligence by the plaintiff was a contributing, proximate cause of this accident.
You will consider my previous charge to you on proximate cause, and you will apply the law as I have stated it to you in my previous charge on proximate cause.
A plaintiff who is found guilty of contributory negligence contributing in any way to the accident to herself is guilty of contributory negligence and is not entitled to your verdict. (Emphasis added)
Plaintiffs' counsel objected to this portion of the charge, pointing out that to find plaintiff guilty of contributory negligence the jury was required to find that her asserted negligence was a substantial factor in bringing about the accident.
We incline to the view that the failure to so charge was error. In O'Brien v. Bethlehem Steel Corporation, 59 N.J. 114, 124-125 (1971) (decided one month after the trial), the court held that a plaintiff's contributory negligence would not operate as a bar to his claim unless it is a substantial factor in bringing about his harm. See also Dziedzic v. St. John's Cleaners & Shirt Launderers, Inc., 53 N.J. 157, 161, 164-165 (1969); Restatement, Torts 2d § 465, at 510 (1965). In O'Brien the court noted that when phrases such as "to any extent," "however slight," "in any degree," are used to modify negligence, it should be made clear to the jury that plaintiff's negligence must be found to be a substantial factor in bringing about the harm complained of. O'Brien, supra, 59 N.J. at 125. It recommended that in the future the use of such phrases be eliminated. See also Pignatore v. Public Service Coordinated Transport, 26 N.J. Super. 234 (App. Div. 1953).
Defendant seemingly does not quarrel with the law but argues that the court, in defining proximate cause in relation to defendant's negligence, had included the substantial factor *385 rule and, since the court in charging contributory negligence had referred to its prior charge as to proximate cause in relation to negligence, that was enough. We disagree. In the context of the charge as given, we are convinced that the omission to charge fully on the subject opened the door to misunderstanding by the jury. The court having elected to separately utilize the "in any way" charge should have completed it to meet the objection. The mere fact that plaintiff was not looking at the floor was not enough to establish contributory negligence  there was no certainty that even had she been looking down she would have observed the offending object  either because it was clear and colorless or because of the racks which were encroaching upon the aisle.
We find no merit to the remaining point raised by plaintiffs.
The errors which we have noted mandate a new trial. Since the issues of negligence and contributory negligence are so closely interwined, the new trial should be as to both issues.