JAWORSKI v GREAT SCOTT SUPERMARKETS, INC

Docket No. 58979. Argued December 6, 1977 (Calendar No. 5).—Decided December 22, 1978.

Anna Jaworski brought an action for damages arising when she was injured in a store owned by defendant Great Scott Supermarkets, Inc. The plaintiff slipped on cottage cheese which another customer had dropped on the floor a few seconds before. The Wayne Circuit Court, Irwin H. Burdick, J., instructed the jury on contributory negligence over the plaintiff's objection, after concluding that contributory negligence was a question of fact. The jury returned a verdict of no cause of action. The Court of Appeals, J. H. Gillis, P.J., and T. M. Burns and Van Valkenburg, JJ., affirmed (Docket No. 26503). Plaintiff appeals. *Held:*

1. The question of contributory negligence is generally one of fact rather than of law. However, it is erroneous to submit to the jury an instruction on an issue not sustained by the evidence. In the instant case it is undisputed that plaintiff neither saw the cottage cheese on defendant's floor, nor did she hear it fall. Further, the evidence as to the color of the floor ("light linoleum" or "white and green checkered tile") supports the conclusion that the spilled cottage cheese was relatively inconspicuous. Finally, plaintiff testified that she slipped and fell as she reached for a carton of milk on the dairy counter. Even on the basis of the testimony most favorable to defendant,

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 295-297.

[2] 57 Am Jur 2d, Negligence §§ 298-302.
  75 Am Jur 2d, Trial § 574.

[3, 9] 62 Am Jur 2d, Premises Liability §§ 293-296.
  Liability of proprietor of store, office, or similar business premises for injury from fall due to presence of litter or debris on floor. 61 ALR2d 6.

[4, 5] 62 Am Jur 2d, Premises Liability §§ 283, 284.

[6] 57 Am Jur 2d, Negligence § 298.

[7, 8] 57 Am Jur 2d, Negligence § 295 *et seq.*

[10] 62 Am Jur 2d, Premises Liability § 285.

[11] 62 Am Jur 2d, Premises Liability §§ 284, 293-296.

the fact remains that plaintiff fell as her attention was naturally directed toward the milk display counter. Reasonable minds would not differ in concluding that the plaintiff was not contributorily negligent by failing to use reasonable care for her own safety.

2. While ordinary prudence generally requires one to see that which is to be seen, contributory negligence depends upon the circumstances. A customer in a modern supermarket or department store should not be under an obligation to see every defect or danger in his pathway. The displays of merchandise in modern stores are arranged and intended to catch the customer's attention and divert him from watching the floor. The public does not expect to shop at their own risk and are entitled to rely upon the presumption that the proprietor will see that the passageways provided for their use are reasonably safe, considering that while using these passageways they may be devoting some of their attention to inspecting the merchandise. Therefore, it was error for the trial court to instruct the jury on the issue of contributory negligence. There was no evidence that under these circumstances plaintiff failed to exercise reasonable care for her own safety.

Justice Williams concurred in reversing. He wrote that the instruction given to the jury on contributory negligence cannot be read in isolation from the instruction on the defendant supermarket's duty of care. The two instructions did not properly apportion the duties of a plaintiff customer and a defendant supermarket. The displays of merchandise in modern stores are arranged and intended to catch the customer's attention and divert him from watching the floor. It is unreasonable to expect a person in a retail store to use the same degree of lookout as he would on a public street. The public does not expect to shop at their own risk and are entitled to rely upon the presumption that the proprietor will see that the passageways provided for their use are reasonably safe, considering that while using these passageways they may be devoting some of their attention to inspecting the merchandise. The plaintiff is entitled to instructions to the jury on negligence which take into consideration the duties of both parties.

The decision of the Court of Appeals is reversed and the matter is remanded to the circuit court for further proceedings.

Justice Moody, joined by Justice Coleman, dissented on the ground that an instruction on contributory negligence was appropriate in this case. The Court should not alter the degree

of care which the plaintiff was required to exercise for her own safety simply because the defendant maintained a potentially distracting display of merchandise.

1. Contributory negligence is normally a question of fact submitted to the jury for consideration under proper instruction. Only where the record is so clear or undisputed that reasonable minds could not conceivably draw contrary conclusions of fact can the court remove the question from the jury by finding either contributory negligence or the absence of contributory negligence as a matter of law. Ordinarily, the instruction on contributory negligence defines the legal duty required of the plaintiff and the legal standard to be used in evaluating that duty with regard to the facts of the case. The trial court appropriately instructed the jury in this case on contributory negligence pursuant to the Standard Jury Instruction.

2. There is sufficient evidence in the record to justify the court's decision to instruct the jury on contributory negligence. Nothing in the record shows that the plaintiff was distracted by the display of items in defendant's store. Rather it shows that she was preoccupied with her purpose for being in the store, *i.e.,* to cash a check and pick up specific items she had come to purchase. At a minimum, there was evidence that the plaintiff was not watching the aisleway floor in front of her when she approached the site of the accident. The jury could have considered this evidence to conclude that plaintiff failed to make reasonable observations and, thus, was guilty of contributory negligence. In addition, the plaintiff stated twice that she was three or four steps beyond an employee of the defendant and the merchandise he was unloading when she slipped. Accordingly, the jury could have determined that her view of the area was clear enough before she fell to recognize and avoid the danger had she not been inattentive. Significant evidence existed in the record for a finding of contributory negligence based on the plaintiff's failure to exercise ordinary care for her own safety.

3. It cannot be asserted that patrons have no duty of ordinary care to observe the aisleways of a self-service store unless they actually see the danger. It may be quite proper that under a particular set of facts a customer in a modern supermarket should not be required to see every defect in the pathway. However, when there is evidence that a patron fails to make any observation, it is up to the jury to decide whether, under the circumstances, the failure to look or see a defect is reasona-

ble. There was testimony in this case raising the question whether the plaintiff failed to make reasonable observations.

4. It is well recognized that a conspicuous display of merchandise may divert the attention of customers from aisleway floors. Therefore, this factor may be considered and evaluated by the jury together with all other circumstances in determining whether the customer exercised ordinary care. However, the duty of customers to make reasonable observations of market aisleways in which they are shopping should not be discarded as a matter of law.

5. The standard negligence instructions were properly given to the jury. The plaintiff was given full opportunity to present and did submit her view of the factual circumstances to the jury. No special instruction that the jury consider unusual or extreme distractions in the defendant's display of merchandise was requested. The conflicting theories of the parties on contributory negligence were extensively argued by counsel. Clearly, the evidence was sufficient to sustain an instruction to the jury on contributory negligence.

71 Mich App 235; 247 NW2d 363 (1976) reversed.

OPINION OF THE COURT

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTION OF FACT.

The question of contributory negligence is generally one of fact rather than of law when it arises upon a state of facts from which reasonable men might draw different conclusions either as to the facts or as to the inferences to be drawn from the facts.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS TO JURY.

It is error to submit to the jury an instruction on the issue of contributory negligence which is not sustained by the evidence.

3. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS TO JURY — SUPERMARKETS — CUSTOMERS — SLIP AND FALL.

An instruction to the jury on the issue of contributory negligence in an action for slip-and-fall injuries was error where it was undisputed that the plaintiff neither saw cottage cheese which was spilled on the defendant supermarket's floor shortly before the injury, nor did she hear it fall to the floor, the evidence as to the color of the floor supports the conclusion that the spilled cottage cheese was relatively inconspicuous, and plaintiff testified that she slipped and fell on the cottage cheese as she

reached for a carton of milk on the dairy counter; even on the basis of the testimony most favorable to the defendant, plaintiff slipped and fell as her attention was naturally directed toward the milk display counter.

4. NEGLIGENCE — DUTY — SUPERMARKETS — CUSTOMERS — PASSAGE-WAYS — SLIP AND FALL.

The public does not expect to shop at their own risk and the proprietor should see that the passageways provided for their use are reasonably safe, considering that while using these passageways they may be devoting some of their attention to inspecting the displays of merchandise which are arranged and intended to catch the customers' attention and divert them from watching the floor.

CONCURRING OPINION BY WILLIAMS, J.

5. NEGLIGENCE — DUTY — SUPERMARKETS — CUSTOMERS — PASSAGE-WAYS — SLIP AND FALL.

*It is unreasonable to expect a person in a modern supermarket retail store to use the same degree of lookout as he would on a public street; the public does not expect to shop at their own risk and the proprietor should see that the passageways provided for their use are reasonably safe, considering that while using these passageways they may be devoting some of their attention to inspecting the displays of merchandise which are arranged and intended to catch the customers' attention and divert them from watching the floor.*

6. NEGLIGENCE — DUTY — SUPERMARKETS — CUSTOMERS — PASSAGE-WAYS — SLIP AND FALL.

*A plaintiff in an action for slip-and-fall injuries suffered when she was shopping in the defendant's supermarket is entitled to instructions to the jury on negligence which take into consideration the duties of both parties.*

DISSENTING OPINION BY BLAIR MOODY, JR., J.

7. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTION OF FACT — INSTRUCTIONS TO JURY.

*Contributory negligence is normally a question of fact submitted to the jury for consideration under proper instruction which defines the legal duty required of the plaintiff and the legal standard to be used in evaluating that duty with regard to the facts of the case.*

8. Negligence — Contributory Negligence — Question of Fact — Question of Law.

*A trial court can remove the question of contributory negligence from the jury only where the record is so clear or undisputed that reasonable minds could not conceivably draw contrary conclusions of fact.*

9. Negligence — Contributory Negligence — Supermarkets — Slip and Fall — Instructions to Jury.

*An instruction to the jury on the issue of contributory negligence of a plaintiff who slipped and fell in a supermarket was supported by sufficient evidence where, at a minimum, the record shows the plaintiff was not watching the aisleway floor in front of her when she approached the site of the accident and there was testimony from which the jury could have determined that her view of the area was clear enough before she fell to recognize and avoid the danger of cottage cheese which had recently been spilled on the floor had she not been inattentive.*

10. Negligence — Contributory Negligence — Supermarkets — Slip and Fall — Instructions to Jury.

*It is well recognized that a conspicuous display of merchandise in a supermarket may divert the attention of customers from aisleway floors; therefore, this factor may be considered and evaluated by the jury when supported by the evidence in determining whether a customer injured by a slip and fall in the supermarket exercised due care.*

11. Negligence — Contributory Negligence — Supermarkets — Slip and Fall.

*The duty of customers to make reasonable observations of supermarket aisleways in which they are shopping should not be discarded as a matter of law simply because a defendant supermarket maintained a potentially distracting display of merchandise.*

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard)* for plaintiff.

*Seavitt, Westcott, Miller, Stowe & Magnuson* (by *Thomas D. Beeby)* for defendant.

Fitzgerald, J. This action for negligence arose out of a slip-and-fall accident wherein plaintiff

Anna Jaworski sustained injuries in one of defendant's stores. Plaintiff appeals from an order of the Court of Appeals affirming a jury verdict of no cause of action. The sole issue on appeal is whether the trial court committed reversible error by instructing the jury on the issue of contributory negligence.

I

On January 3, 1972, plaintiff entered defendant's store at the corner of Conant and Garvin in Detroit to cash her Social Security check and to purchase a few grocery items. Plaintiff lived a block and a half from where defendant's store was located, and she shopped there regularly. After she entered the store, plaintiff placed a few items in her pushcart and proceeded to the dairy counter at the rear of the store to obtain a carton of milk. According to plaintiff's testimony, an employee of the store was then in the process of stocking the counter from a hand truck stacked with several cases of milk. She took two to four steps past this truck, and as she reached for a carton of milk on the counter, she slipped and fell on some cottage cheese on the floor. Plaintiff further testified that her view of the floor was blocked by the hand truck; that she did not see or hear the cottage cheese drop to the floor; and that there were no other customers in the area in which she fell.

However, a different version of events preceding the accident was provided by defendant's witnesses. One of defendant's employees testified that just moments before plaintiff slipped and fell, he saw an unidentified customer, who was a few steps ahead of plaintiff, take a carton of cottage cheese from the counter and accidentally drop it on the floor. According to this version, the employee who

witnessed the cheese fall to the floor then shouted "cleanup", but "I didn't even get the words 'cleanup' out of my mouth and this woman slipped and fell. She was on the ground. I mean it happened that fast. Within a couple of seconds after the cottage cheese hit the floor, the other woman [plaintiff] was on the floor". Another employee of defendant's store testified that he was the only person on duty in the dairy department of the store; that he had just returned from lunch minutes before the accident and saw that the floor in front of the dairy counter was clear; and that there was no hand truck in the aisle in front of the dairy counter.

In closing argument, defense counsel argued that defendant did not have sufficient notice of the cottage cheese on the floor to be negligent, but that even if defendant were found negligent, on the basis of Mrs. Jaworski's testimony, plaintiff was contributorily negligent. The trial judge gave an instruction on contributory negligence, and plaintiff's counsel objected on the basis that there had been no evidence offered indicating that plaintiff had in fact been negligent. The jury returned a verdict of no cause of action. The Court of Appeals affirmed on September 8, 1976. 71 Mich App 235; 247 NW2d 363 (1976). We granted plaintiff's application for leave to appeal on April 29, 1977. 399 Mich 895 (1977).

## II

We are here presented for the first time with the question of contributory negligence of a customer who has sustained injuries in a slip-and-fall accident in a modern supermarket. However, the case law of this state concerning contributory

negligence and cases from other jurisdictions similar to the one at bar provide us with guidance.

It is well settled that the question of contributory negligence is generally one of fact rather than law. *Funk v General Motors Corp,* 392 Mich 91; 220 NW2d 641 (1974).

In *Bruman v Yellow Taxicab Co,* 220 Mich 41, 48; 189 NW 887 (1922), this Court said:

"Contributory negligence is essentially a question of fact in all cases except where by plaintiff's own testimony or the undisputed facts the case is too plain for reasonable, fair-minded men to draw different conclusions."

The rule is well stated in 57 Am Jur 2d, Negligence, § 295, p 692:

"Contributory negligence *depends upon circumstances* and is ordinarily a question for the jury to decide under proper instructions. The question of contributory negligence is for the jury when it arises upon a state of facts from which reasonable men might draw different conclusions either as to the facts or as to the conclusions or inferences to be drawn from the facts." (Emphasis added.)

Plaintiff argues that it was reversible error for the trial court to instruct the jury on the issue of contributory negligence because such an instruction was not supported by the evidence.

It is axiomatic that it is error to submit to the jury an instruction on an issue not sustained by the evidence. *Susich v Michigan Consolidated Gas Co,* 292 Mich 612; 291 NW 26 (1940). See also *Sakorraphos v Eastman Kodak Stores, Inc,* 367 Mich 96; 116 NW2d 227 (1962); *Winchester v Meads,* 372 Mich 593; 127 NW2d 337 (1964); GCR 1963, 516.7; and SJI 20.01.

In the instant case, it is undisputed that plaintiff neither saw the cottage cheese on defendant's floor, nor did she hear it fall to the floor. Further, the evidence as to the color of the floor supports the conclusion that the spilled cottage cheese was relatively inconspicuous.[1] Finally, plaintiff testified that she slipped and fell on the cottage cheese on the floor as she reached for a carton of milk on the dairy counter. Even on the basis of the testimony most favorable to defendant, the fact remains that plaintiff slipped and fell as her attention was naturally directed toward the milk display counter.

Based on the state of facts in the instant case, we do not believe that reasonable minds would differ in concluding that Mrs. Jaworski was not contributorily negligent in failing to use reasonable care for her own safety.

Defendant argues, and the Court of Appeals agreed, that *Goodman v Theater Parking, Inc,* 286 Mich 80; 281 NW 545 (1938), is controlling here. In *Goodman,* plaintiff, while alighting from his automobile, stepped on a cinder in a parking lot and sprained his ankle. He argued that he could not have been contributorily negligent since his view of the ground was blocked by the car door. Nevertheless, this Court said:

"Ordinary prudence demands that a view be taken of the place where one is about to step. Plaintiff failed to take such a view and, even if defendant was negligent in permitting a cinder to remain upon the lot, plaintiff's contributory negligence bars recovery." 286 Mich 80, 83.

---

[1] Plaintiff's testimony indicated that the floor was light linoleum. The manager of the dairy department testified that he thought that the floor was white and green checkered tile.

We do not believe that the circumstances in *Goodman* are analogous to those in the case at bar. While ordinary prudence generally requires one to see that which is to be seen, contributory negligence depends upon the circumstances, and the circumstances are substantially different in a parking lot or on a public street than in a modern self-service type store. We cannot accept the notion that a customer in a modern supermarket or department store should be under an obligation to see every defect or danger in his pathway.

"The displays of merchandise in modern stores are so arranged and are intended to catch the customer's attention and divert him from watching the floor. * * * The public does not expect to shop at its own risk and it is unreasonable to expect a person in a retail store to use the same degree of lookout as he would on a public street." *Steinhorst v H C Prange Co,* 48 Wis 2d 679, 685-686; 180 NW2d 525, 528 (1970).

In *Provost v Great Atlantic & Pacific Tea Co,* 154 So 2d 597, 601-602 (La App, 1963), the Court, in a case similar to the one at bar, said:

"Defendant's store in this case was a 'self-service' type store, in which its merchandise was displayed on counters or on shelves so that customers could inspect the merchandise as they walked in the aisles or passageways of the store. The storekeeper certainly intended that his customers would devote the major part of their attention to the merchandise which was being displayed, rather than to the floor to discover possible obstructions in the aisle, and in our opinion that circumstance must be considered in determining the degree of care which the storekeeper should use in maintaining safe passageways. A patron of a self-service type store, we think, is entitled to rely upon the presumption that the proprietor will see that the passageways provided for his use are reasonably safe, considering the

fact that while using these passageways he may be devoting some of his attention toward inspecting the merchandise."

See also *Haney v T G & Y Stores, Inc,* 327 So 2d 482 (La App, 1976); *Borsa v Great Atlantic & Pacific Tea Co,* 207 Pa Super 63; 215 A2d 289 (1965); and *Krackomberger v Vornado, Inc,* 119 NJ Super 380; 291 A2d 842 (1972).

Accordingly, we find that it was error for the trial court to instruct the jury on the issue of contributory negligence. There was no evidence that under the circumstances plaintiff failed to exercise reasonable care for her own safety.

The decisions of the Court of Appeals and the trial court are reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Costs to plaintiff.

KAVANAGH, C.J., and LEVIN and RYAN, JJ., concurred with FITZGERALD, J.

WILLIAMS, J. I would reverse. While plaintiff only objected to the instruction on contributory negligence, that instruction cannot be read in isolation from the instruction on defendant's duty of care. The net result of these two instructions failed to specifically delimit the duties of the plaintiff and defendant with respect to each other in the light of modern supermarket merchandising.

It is true that the trial court gave the following instruction on contributory negligence pursuant to the Michigan Standard Jury Instructions:

"Now, when I use the terms 'negligence' or 'contributory negligence' with respect to the plaintiff's conduct, I mean the plaintiff's failure to use ordinary care for her

own safety which proximately contributed to her injuries.

"By failure to use ordinary care for her own safety I mean the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do under the circumstances which you find existed in this case. And again it is for you to decide what a reasonably careful person would do or would not do for her own safety under the circumstances."

However, this instruction combined with the rather general instruction on the defendant's duty of care did not properly apportion the duty of care required in a modern supermarket. The trial court's instruction on defendant's duty of care follows:

"Now, it is the duty of every storekeeper to provide a reasonably safe aisle or aisles for customers and a storekeeper is liable for injuries resulting from an unsafe condition either caused by an act of negligence by himself or his employees or if otherwise caused where known to the storekeeper or is of such a character or has existed such a sufficient length of time that the storekeeper should have had knowledge of it."

The proper relationship between the supermarket defendant and its customer is better set forth in the following two quotations:

"The displays of merchandise in modern stores are so arranged and are intended to catch the customer's attention and divert him from watching the floor. * * * The public does not expect to shop at its own risk and it is unreasonable to expect a person in a retail store to use the same degree of lookout as he would on a public street." *Steinhorst v H C Prange Co,* 48 Wis 2d 679, 685-686; 180 NW2d 525, 528 (1970).

"Defendant's store in this case was a 'self-service' type store, in which its merchandise was displayed on

counters or on shelves so that customers could inspect the merchandise as they walked in the aisles or passageways of the store. The storekeeper certainly intended that his customers would devote the major part of their attention to the merchandise which was being displayed, rather than to the floor to discover possible obstructions in the aisle, and in our opinion that circumstance must be considered in determining the degree of care which the storekeeper should use in maintaining safe passageways. A patron of a self-service type store, we think, is entitled to rely upon the presumption that the proprietor will see that the passageways provided for his use are reasonably safe, considering the fact that while using these passageways he may be devoting some of his attention toward inspecting the merchandise." *Provost v Great Atlantic & Pacific Tea Co*, 154 So 2d 597, 601-602 (La App, 1963).

The plaintiff is entitled to a combination of instructions that take into consideration the duties of defendant supermarket and plaintiff customer as delineated in the two quotations above. I therefore would reverse to require the trial court to instruct consistent with this opinion.

Blair Moody, Jr., J. *(dissenting)*. The plaintiff was injured when she slipped and fell on cottage cheese which accidentally spilled in an aisleway of defendant's store. Plaintiff claimed, *inter alia,* that the market was negligent in not discovering or removing the cottage cheese before the accident. The defendant responded that its employees discovered the danger only seconds before plaintiff's fall and had no time to remove it. The defendant claimed as an affirmative defense that plaintiff was guilty of contributory negligence because she failed to look where she was going and to see the spilled cottage cheese on the floor.

Our colleagues found no evidence to indicate

that the plaintiff failed to exercise reasonable care
for her own safety. Accordingly, they concluded
that the trial court erred by instructing the jury
on the issue of contributory negligence. We re-
spectfully disagree.

## I

### A. Contributory Negligence Instruction

Contributory negligence is normally a question
of fact submitted to the jury for consideration
under proper instruction. *Dockham v Marr,* 373
Mich 680, 684; 130 NW2d 924 (1964); *Cochran v
Pinto,* 333 Mich 91, 99; 52 NW2d 611 (1952); *White
v Herpolsheimer Co,* 327 Mich 462, 470; 42 NW2d
240 (1950); *Neal v Cities Service Oil Co,* 306 Mich
605, 609; 11 NW2d 259 (1943); *Reedy v Goodin,* 285
Mich 614, 620; 281 NW 377 (1938).

Only where the record is so clear or undisputed
that reasonable minds could not conceivably draw
contrary conclusions of fact can the court remove
the question from the jury by finding either con-
tributory negligence or the absence of contributory
negligence as a matter of law:

"This Court has in recent years frequently reiterated
that it must be a very clear case to justify a trial judge
in taking a negligence action from the jury on grounds
of contributory negligence." *Churukian v LaGest,* 357
Mich 173, 179; 97 NW2d 832 (1959).

See also *Koehler v Detroit Edison Co,* 383 Mich
224; 174 NW2d 827 (1970); *Hall v Wood,* 26 Mich
App 135; 181 NW2d 924 (1970); *Desmarais v Myef-
ski,* 20 Mich App 436; 174 NW2d 174 (1969).

Ordinarily, the court's instruction on contribu-
tory negligence defines the legal duty required of
the plaintiff and the legal standard to be used in

evaluating that duty with regard to the facts of the case:

"If plaintiff was in the exercise of ordinary care under all of the circumstances, he was not guilty of contributory negligence; and what is ordinary care is usually a question of fact. It is the care which an ordinarily prudent person would exercise under the same or similar circumstances." *Reedy, supra,* 620.

The trial court in the instant case appropriately gave the following instruction on contributory negligence pursuant to the Michigan Standard Jury Instructions:[1]

"Now, when I use the terms 'negligence' or 'contributory negligence' with respect to the plaintiff's conduct, I mean the plaintiff's failure to use ordinary care for her own safety which proximately contributed to her injuries.

"By failure to use ordinary care for her own safety I mean the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do under the circumstances which you find existed in this case. And again it is for you to decide what a reasonably careful person would do or would not do for her own safety under the circumstances."

## B. Negligence Instruction

Defendant's negligence is treated in a similar way. It is a question of fact, normally determined by the jury. Where contributory negligence is also at issue, the court will submit the negligence claim to the jury under proper instruction, unless the case for contributory negligence is so clear that reasonable minds could not possibly differ.

In addition, because this case concerns the negli-

---

[1] See SJI 11.01.

gence of retail store owners in failing to maintain aisleways safe from defect or obstruction, the duration of the condition is significant:

"It is the duty of a storekeeper to provide reasonably safe aisles for the customers. The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it." (Citations omitted.) *Carpenter v Herpolsheimer's Co*, 278 Mich 697, 698; 271 NW 575 (1937).

In the instant case, the trial court gave the following instruction regarding defendant's duty of care to provide safe aisleways in its stores:

"Now, it is the duty of every storekeeper to provide a reasonably safe aisle or aisles for customers and a storekeeper is liable for injuries resulting from an unsafe condition either caused by an act of negligence by himself or his employees or if otherwise caused where known to the storekeeper or is of such a character or has existed such a sufficient length of time that the storekeeper should have had knowledge of it."

On the basis of these instructions, the jury returned a verdict of no cause of action in defendant's favor.

II

A review of the record indicates sufficient evidence to justify the court's decision to instruct on contributory negligence. During discovery, testimony was taken from Mr. Frank Balester, apparently the only person to actually witness the plaintiff's slip and fall. Witness Balester, who was un-

loading a cart of milk only a few feet from where plaintiff fell, gave the following information in his deposition:

"Well, just as I hollered 'cleanup', this other woman [the plaintiff], *which I thought she had seen it,* she slipped on the cottage cheese and fell. And I had no chance of getting to her to warn her or anything else." (Emphasis added.)

Later, during the trial, plaintiff's own testimony was replete with evidence indicating her inattention to the surroundings and that she was not in the store that day to "display" shop:

*"Q. [Plaintiff's Attorney]:* You had picked up several items in that far aisle, do you recall specifically what you picked up?

*"A. [Ms. Jaworski]:* I don't remember, I know I had a box of crackers and—

*"Q.* A box of crackers?

*"A.* I couldn't really tell you what I did have.

*"Q.* How long were you in that particular aisle?

*"A.* I just walked through, on the way I picked this and that up, *I wasn't there to stop and look at anything.*

\* \* \*

*"Q.* Did you, again, make observations of the display counters and the aisleway itself?

*"A. Well, I wasn't there to observe things.*

*"Q.* When you first got to the end of this long aisle and made this right hand turn, did you make any observations?

*"A.* Well, I *wasn't looking for anything."* (Emphasis added.)

Finally, the record demonstrated plaintiff's specific inattention to the danger the spilled cottage cheese presented:

*"Q. [Plaintiff's Attorney]:* Had you seen this cheese at any time at all prior to your fall or your slip?

*"A. [Ms. Jaworski]: No, I wasn't looking for any cheese, so I didn't look for it."* (Emphasis added.)

Nothing in the record shows that plaintiff was distracted by the display of items in defendant's store. Rather the evidence reflects she was preoccupied with her purpose for being in the store, *i.e.,* to cash a check and pick up specific items she had come to purchase. By her own testimony, she was not in the store to shop randomly. She knew what she wanted and was not "display" shopping.

The record in this case, at a minimum, contains evidence that plaintiff was not watching the aisleway floor in front of her when she approached the site of the accident. The jury could have considered this evidence to conclude that plaintiff failed to make reasonable observations and, thus, was guilty of contributory negligence.

In addition, plaintiff stated twice that she was three or four steps beyond Frank Balester and the merchandise he was unloading when she slipped. Accordingly, the jury could have determined that her view of the area was clear enough before she fell to recognize and avoid the danger had she not been inattentive. In other words, significant evidence existed in the record for a finding of contributory negligence based on plaintiff's failure to exercise ordinary care for her own safety. See *Sparks v Luplow,* 372 Mich 198; 125 NW2d 304 (1963).

### III

Our colleagues conclude that under the circumstances no evidence existed as a matter of law to support an instruction on the issue of contributory negligence.

This determination is apparently based upon the following analysis:

"While ordinary prudence generally requires one to see that which is to be seen, contributory negligence depends upon the circumstances, and the circumstances are substantially different in a parking lot or on a public street than in a modern self-service type store. We cannot accept the notion that a customer in a modern supermarket or department store should be under an obligation to see every defect or danger in his pathway."

We do not differ with this general observation. In essence, it restates the proposition that all circumstances should be taken into consideration by the fact finder in evaluating the contributory negligence of a self-service market patron. Diverse factors evolve from different circumstances. What may be unreasonable under one set of conditions may be quite reasonable when considered within a different situation.

It may be quite proper that under a particular set of facts a customer in a modern supermarket should not be required to see every defect in her pathway. However, when there is evidence that a patron fails to make any observation, it is up to the jury to decide whether, under the circumstances, such failure to look or see a defect is reasonable. In this case it was up to the jury to decide whether under the circumstances this plaintiff, as a reasonably careful person, should have looked or should have seen the cottage cheese in her pathway.

To reach the conclusion that no question of fact existed as to contributory negligence in the instant case, the majority opinion must completely ignore all testimony raising the question whether plain-

tiff failed to make reasonable observations. It cannot be asserted that patrons have no duty of ordinary care to observe the aisleways of a self-service type store unless they actually see the danger.

Clearly, the standard of care required of a patron in a self-service store is that of a reasonably careful person under all of the circumstances.

It is well recognized that a conspicuous display of merchandise may divert the attention of customers from aisleway floors. Therefore, this factor may be considered and evaluated by the jury together with all other circumstances in determining whether the customer exercised ordinary care. However, the basic duty of customers to make reasonable observations of market aisleways remains unaltered.

Previously, this Court has refused to alter "the degree of care which plaintiff was required to exercise for her own safety" simply because a defendant maintained a potentially distracting display of merchandise. *Boyle v Preketes,* 262 Mich 629, 632-633; 247 NW 763 (1933). See also *Suci v Mirsky,* 61 Mich App 398; 232 NW2d 415 (1975); *Steehler v Fashion City of Michigan, Inc,* 14 Mich App 76, 77-78; 165 NW2d 306 (1968).

Furthermore, present negligence standards allow the jury to consider unusual conditions or extreme distractions in their deliberations. *Boyle, supra,* 632; *Shorkey v Great Atlantic & Pacific Tea Co,* 259 Mich 450, 452; 243 NW 257 (1932).

Significantly, no special instruction reflecting this consideration was requested by the instant plaintiff.[2] The standard jury instructions were fully

---

[2] The plaintiff only objected to the trial court's decision that the facts, as reflected by the record, did require an instruction covering her alleged contributory negligence.

presented by the court. The negligence and contributory negligence instructions furnished to the jury were framed most properly in terms of reasonable care under all circumstances. The plaintiff was given full opportunity to present and did submit her view of the factual circumstances to the jury.

Historically, our Court has jealously guarded the broad discretion conferred upon the jury to decide factual questions. This sound tradition should not be encroached upon.

In this case, the conflicting viewpoints regarding contributory negligence were extensively argued by counsel. The jury was aware of plaintiff's reason for shopping, her degree of attentiveness, the proximity of display counters, the time lag between the spill and her fall, and all other circumstances involved in the occurrence. Clearly, the evidence was sufficient to sustain a jury instruction on the question of contributory negligence. The scope of our reviewing authority is limited to this narrow issue.

We would affirm the decision of the Court of Appeals sustaining the jury verdict of no cause of action.

COLEMAN, J., concurred with BLAIR MOODY, JR., J.