**Brian P. WELLMAN, Plaintiff,**

v.

**WAL–MART STORES,
INC., Defendant.**

**No. 1:01–CV–83.**

United States District Court,
W.D. Michigan,
Southern Division.

Feb. 6, 2002.

Michael P. Risko, Visser & Bolhouse, Grandville, MI, for Plaintiff.

Robert Patrick George, Lupo & Koczkur, PC, Detroit, MI, for Defendant.

## OPINION OF THE COURT ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McKEAGUE, District Judge.

This is a tort action under state law growing out of injuries sustained by plaintiff while shopping at defendant's store in Fremont, Michigan. Originally filed in the Newaygo County Circuit Court, defendant removed the action to this Court based on the parties' diversity of citizenship. Defendant has now moved for summary judgment on all claims. Having carefully considered the parties' briefs as well as oral arguments presented at a hearing on January 3, 2002, the Court will, for the reasons that follow, grant the motion.

### I

The relevant facts are not materially disputed. Plaintiff Brian P. Wellman was shopping with his wife at the Wal–Mart Store in Fremont on October 26, 1999, when he tripped on a steel chain left dangling in an aisle of the hardware department, causing him to fall and sustain injuries to his right knee and lower back. Plaintiff alleges that he was a business invitee, to whom defendant owed a duty to exercise reasonable care in maintaining the safety of the premises. Plaintiff alleges defendant breached this and other related duties, proximately causing his injuries.

In moving for summary judgment, defendant contends it had no duty to protect plaintiff because the danger posed by the dangling chain was open and obvious. Alternatively, defendant contends it is entitled to judgment as a matter of law be-

cause plaintiff has failed to adduce evidence that defendant had notice of the alleged dangerous condition.

## II

Defendant's motion for summary judgment requires the Court to look beyond the pleadings and evaluate the facts to determine whether there is a genuine issue of material fact that warrants a trial. Fed. R.Civ.P. 56(c). *See generally, Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1388–89 (6th Cir.1993). The Court must determine "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party identifies elements of a claim or defense which it believes are not supported by evidence, the nonmovant must present affirmative evidence tending to show a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348.

The substantive law identifies which facts are "material." Facts are "material" only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. A complete failure of proof concerning an essential element necessarily renders all other facts immaterial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

## III

Under Michigan law, a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an *unreasonable* risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 609, 537 N.W.2d 185 (1995), quoting 2 Restatement Torts, 2nd, § 343 (emphasis added in *Bertrand* ). In moving for summary judgment, defendant Wal–Mart Stores focuses first on the second of these three elements. Because the danger was open and obvious, defendant argues, it had no duty to protect invitees and was entitled to expect that invitees would discover it and protect themselves.

The Michigan Supreme Court has recently clarified the scope of the "open and obvious" doctrine in *Lugo v. Ameritech Corp. Inc.,* 464 Mich. 512, 516, 629 N.W.2d 384 (2001):

In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a

dangerous condition on the land. *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 609, 537 N.W.2d 185 (1995). However, this duty does not generally encompass removal of open and obvious dangers:

> [W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee. [*Riddle v. McLouth Steel Products Corp.*, 440 Mich. 85, 96, 485 N.W.2d 676 (1992).]
>
> . . . .
>
> In sum, the general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk.

*Lugo*, 464 Mich. at 517, 629 N.W.2d 384.

 The determination whether a condition poses an open and obvious danger is governed by an objective standard: "Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?" *Novotney v. Burger King Corp. (On Remand)*, 198 Mich.App. 470, 475, 499 N.W.2d 379 (1993). The Court thus asks not whether *plaintiff* should have known the condition was hazardous, but whether a reasonable person would foresee the danger. *Joyce v. Rubin*, 249 Mich.App. 231, 642 N.W.2d 360 (2002); *Hughes v. PMG Building, Inc.*, 227 Mich. App. 1, 11, 574 N.W.2d 691 (1997).

 Plaintiff testified that on the day of the incident, he was walking down the aisle to the right of his wife, who was pushing a shopping cart. They were looking toward a display on their left when plaintiff "just tripped." Wellman dep. p. 8. As he fell, he tried to catch himself on the cart and hit his knee on the way down, landing hard on both knees. *Id.* at 8–11, 574 N.W.2d 691. Noticing the chain on the floor as he fell, he assumes he tripped on the chain. *Id.*

In support of its contention that the dangling chain represented an open and obvious condition, defendant has submitted a photograph of the scene, taken on the day of plaintiff's fall. The parties have stipulated that the photograph accurately depicts the condition of the chain in the aisle where the incident occurred. The photograph shows the chain dangling from one of several spools on a rack along the aisle, falling down onto the floor, and extending approximately 18 to 24 inches across the floor toward the center of the aisle. Each link of the chain appears to be approximately one inch long and 1/2 inch wide. Plaintiff described the chain as being "a fair size;" not quite heavy enough for towing, but "fairly heavy." *Id.* at 9–10, 574 N.W.2d 691. Otherwise, the record is devoid of evidence of the chain's dimensions.

Plaintiff contends the danger posed by the chain was not open and obvious. He argues that a gray chain on a gray floor is not necessarily visible to all reasonable persons. In support of this proposition, he cites the testimony of Leslie Pruitt, a Wal-Mart employee.

A fair reading of Ms. Pruitt's deposition transcript, however, indicates that she characterized the floor as "dingy white" or "off white." Pruitt dep. pp. 22–23. This characterization is consistent with what may be observed from the photograph of the scene. Further, irrespective of how one characterizes the floor color, the photograph clearly evidences a condition that an average user with ordinary intelligence would have been able to discover upon casual inspection. Although the contrast of the steel chain against the plain off-

white floor is not stark, the chain is plainly visible. To the extent the chain represented a dangerous condition, it was, therefore, judged under an objective standard, an open and obvious danger. On this point, there is no genuine issue of material fact.

## IV

Nonetheless, plaintiff maintains that defendant still had a duty to take reasonable care to protect invitees because of "special aspects" attendant to the condition. Specifically, he contends defendant should have anticipated that an aisleway obstruction could pose an unreasonable danger despite its obviousness because shopping customers may be distracted by promotional signs and merchandise displays.

In *Lugo*, the Supreme Court discussed the "special aspect" exception to the open and obvious doctrine:

> [W]ith regard to open and obvious dangers, the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly "special aspects" of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an *unreasonable* risk of harm, i.e., whether the "special aspect" of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability.
>
> . . . .
>
> In sum, only those special aspects that give rise to a *uniquely high likelihood of harm or severity of harm* if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine.

*Lugo*, 464 Mich. at 517–19, 629 N.W.2d 384 (emphasis added). Thus, the Court must ask whether there is evidence, in light of the likelihood of customer distraction, that the presence of the chain on the aisle floor created "a uniquely high likelihood of harm or severity of harm."

The Michigan courts have not definitively adopted the "distracted customer" exception, but have expressed openness to it. In *Jaworski v. Great Scott, Inc.*, 403 Mich. 689, 272 N.W.2d 518 (1978), the trial court was held to have erred when it instructed the jury on contributory negligence despite a lack of evidence of negligence on the plaintiff's part. That is, the plaintiff's failure to see the cottage cheese spilled on the floor in front of her as she reached for a carton of milk on the dairy counter was held not to be negligent as a matter of law.

*Jaworski* has only limited significance to the present question. The focus in *Jaworski* was on the subjective degree of care used by the plaintiff. When evaluating "special aspects" in relation to an open and obvious condition, however, as the Supreme Court has more recently made clear, it is important "to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo*, 464 Mich. at 523–24, 629 N.W.2d 384.

In two unpublished *per curiam* opinions of the Michigan Court of Appeals, the "distracted customer" exception was recognized as plausible, but not applied, for lack of factual support. *See Smith v. Kohl's Dep't Store, Inc.*, Mich.App. No. 221246, 2001 WL 681766 (Apr. 20, 2001); *Crute v. Meijer, Inc.*, Mich.App. No. 214272, 2000 WL 33405972 (Oct. 10, 2000). In a third unpublished opinion, *Drake v. K-Mart Corp.*, Mich.App. 1996 WL 33347841, No. 189099 (Dec. 20, 1996), the Court of Appeals recognized the exception, but only in dictum. The *Drake* court held (1) that the open and obvious defense was waived because not pursued in the trial court; (2) that the subject danger was not open and obvious anyway; and (3) that, if the dangerous condition were open and obvious, the evidence nonetheless would have sup-

ported application of the distracted customer exception. The *Drake* opinion is silent as to the evidentiary particulars supporting application of the exception.

Thus, none of the cases cited by plaintiff firmly supports application of the exception in this case. Further, all of them predate the teaching of *Lugo*. In the wake of *Lugo*, it is clear that the distraction of a customer's attention by a merchandise display may constitute such a "special aspect" of an open and obvious condition as to impose liability on the invitor only if it gives rise to a uniquely high likelihood of severe harm.

■ Here, plaintiff's testimony that he was distracted by a display of merchandise is not refuted. Also uncontested is the evidence that plaintiff's fall was caused by the chain and his complained of knee and back injuries were caused by the fall.[1] Yet, the record is totally devoid of evidence tending to show that the presence of the chain on the floor posed an especially high likelihood of severe injury. Quite to the contrary, the photograph of the scene suggests a condition that might be expected, at worst, to pose a source of irritation, or cause one to misstep or stumble.

It is frankly hard to imagine *how* the relatively small-gauge chain, lying on the surface of the floor, could cause *any* distracted shopper—much less an apparently healthy 31–year old man—to fall so severely as to cause knee and back injuries. In making this observation, the Court does not mean to question plaintiff's credibility. Plaintiff himself is unable to explain *how* he tripped. *See* Wellman dep. pp. 8–11. Rather, the observation goes to the foreseeability of the risk of severe harm. If the presence of the chain on the floor

cannot be said to have posed a reasonably foreseeable risk of severe harm, it can hardly be said to have given rise to a uniquely high likelihood of severe harm.

The instant "dangerous" condition is akin to the common or ordinary parking lot pothole discussed in *Lugo* which, unlike a 30–foot–deep pothole, poses little risk of severe injury. *See id.* at 518–20, 629 N.W.2d 384. Such circumstances do not pose the sort of "special aspects" needed to avoid the open and obvious danger doctrine. *See also,* applying *Lugo, Joyce v. Rubin,* 249 Mich.App. 231, 642 N.W.2d 360 (2002); *Woodbury v. Bruckner (On Remand),* 248 Mich.App. 684, 2001 WL 1598795 (Dec. 14, 2001); *Cudney v. Sears, Roebuck and Co.,* 21 Fed.Appx. 424 (6th Cir.2001). Plaintiff has simply failed to adduce evidence of a uniquely high likelihood of severe harm. On this essential element of his claim, there is no genuine issue of material fact. That is, no reasonable jury could find, based on the present record, that the chain posed such a uniquely high likelihood of severe harm that defendant should have expected that invitees would not perceive the danger and would fail to protect themselves from it. It follows that defendant is entitled to summary judgment on plaintiff's claim to the extent that it depends on a premises liability theory.

### V

■ Defendant has also moved for summary judgment on the grounds that plaintiff has presented no evidence that defendant had actual or constructive notice of the alleged dangerous condition. This argument goes to the first element of plaintiff's premises liability claim, as identified in *Bertrand, supra.*[2] To establish a *pri-*

---

1. This is entitled to little weight, however, because, in determining whether the subject condition posed a uniquely high risk of severe harm, the Court must consider it *a priori.* *Lugo,* 464 Mich. at 518 n. 2, 629 N.W.2d 384.

2. The Court's determination that there is an absence of evidence to support the second

ma facie case of negligence in a premises liability action, a plaintiff must present evidence that the defendant created the dangerous condition or had actual or constructive notice of it. *Berryman v. K Mart Corp.*, 193 Mich.App. 88, 92–93, 483 N.W.2d 642 (1992).

█ Plaintiff relies on his own observation of a Wal–Mart employee at the head of the aisle where he fell shortly before his fall. Wellman dep. pp. 36–38. He admits, however, that he did not observe the employee come from the aisle where the incident occurred. *Id.* at 39, 483 N.W.2d 642. He also acknowledges that he has no evidence that the employee actually saw or was aware of the chain on the floor. Plaintiff's testimony thus amounts to no more than a mere scintilla of evidence of actual notice and is insufficient to create a triable fact issue. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Nor is there evidence of constructive notice. Plaintiff has not adduced evidence that the condition was of such a character or had existed for a sufficient length of time that defendant should have had knowledge of it. *See Clark v. K-Mart Corp.*, 242 Mich.App. 137, 140, 617 N.W.2d 729 (2000).

█ Plaintiff maintains, however, that proof of notice is unnecessary because defendant created the dangerous condition by employing a negligent method of operation. *See Berryman*, 193 Mich.App. at 93, 483 N.W.2d 642. Displaying the chains on self-service spools and allowing customers to select a length of chain before recruiting the assistance of an employee to measure and cut the chain is said to be a method of operation that invites customers to unravel chains and leave them dangling or lying on

the floor. In this respect, defendant is said to have caused the dangerous condition.

Plaintiff's argument is a matter of bald speculation. There is no *evidence* tending to explain how the chain came to rest on the floor of the aisle on October 26, 1999, and no *evidence* suggesting that defendant was responsible for creating that condition, directly or indirectly. It is just as plausible, for instance, that the chain was unraveled and left hanging by a playful youth accompanying his mother or father on a shopping trip. Under such circumstances, defendant clearly could not be deemed to have created the dangerous condition.

In response to defendant's properly supported motion for summary judgment, challenging the evidentiary support for the allegation that defendant had notice of the condition, plaintiff may not rest on his pleadings or rely on mere arguments to show there is some metaphysical doubt as to the material facts. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. He must come forward with affirmative evidence creating a genuine issue of material fact. Plaintiff's unsupported argument is insufficient.

Accordingly, based on the present record, the Court concludes that plaintiff has also failed to establish the existence of a triable fact issue concerning the "notice" element of his claim against defendant.

**VI**

█ Finally, plaintiff contends that neither defendant's motion nor the above analysis addresses a distinct theory of relief asserted in his complaint. Paragraph 4 of the complaint sets forth eight duties owed to plaintiff by defendant, identified

---

element of plaintiff's claim necessarily renders all other facts immaterial and renders this issue moot. See *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. Nonetheless, the follow-

ing analysis merely buttresses the conclusion that defendant is entitled to summary judgment.

as subsections (a) through (h). Plaintiff acknowledges that seven of these duties, ¶ 4(a)-(d) and (f)-(h), relate to defendant's general duty to maintain the premises in a safe condition. In contrast, subsection (e) avers that defendant had "the duty to utilize only reasonable and safe methods of operation." Plaintiff contends this duty is distinct from the others asserted, which all admittedly come within the umbrella of a premises liability theory of recovery. Defendant's display of chains on self-service spools accessible to both employees and customers is alleged to have resulted in a hazard separate and distinct from any dangerous condition of the premises, which supports an independent claim for negligence.

Defendant may be excused for failing to specifically address this theory in its motion. The theory is not alleged as a separate claim in a separate count of the complaint. The few isolated "method of operation" allegations are inconspicuously interspersed among other standard premises liability allegations. Although plaintiff now attempts to separate and distinguish the allegations, he did not choose to do so when he framed his complaint. Indeed, the facts embodied in the allegations all appear on their face to be integral to the premises liability claim.

If, for instance, plaintiff had injured his hand when attempting to use the chain-cutting device made available to the customers without proper instruction and safeguards, then a "method of operation" theory of negligence might have been legitimately distinct. But here, the complained of injury was caused by an unsafe condition of the aisle floor. Although the method of operation *may* have played a role in creating an unsafe condition, the unsafe condition that allegedly caused

plaintiff's injuries was a condition of the premises. There is thus no factual basis for treating the method of operation allegations as asserting a distinct claim or theory of relief. Neither has plaintiff cited any legal authority for such treatment under these circumstances.[3]

## VII

In conclusion, the Court holds, for all the above reasons, that there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment will therefore be granted and defendant will be awarded judgment in its favor on the claim(s) asserted against it by plaintiff.

---

**3.** As discussed in part V, above, the method of operation allegations are arguably relevant to the notice element of the premises liability claim, but, for lack of factual support, have been exposed as ineffectual in that regard as well.